BENJAMIN B. WAGNER
United States Attorney
ELANA S. LANDAU
KEVIN P. ROONEY
Assistant U.S. Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000

LANNY A. BREUER
Assistant Attorney General
JACABED RODRIGUEZ-COSS
Trial Attorney
Criminal Division
U.S. Department of Justice
1000 Lafayette Blvd., 10th Floor
Bridgeport, CT 06604

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. |
| Plaintiff, | ) | |
| v. | ) | |
| SAMUEL STONE, | ) | |
| Defendant. | ) | |

**NOTICE OF INTENT TO SEEK A SENTENCE OF DEATH**

TO THE HONORABLE COURT:

COMES NOW the United States of America, pursuant to 18 U.S.C. § 3593(a), by and through

its undersigned counsel, and notifies the Court and Defendant SAMUEL STONE, and his counsel

Donald Knight, Esq. and Francine Zepeda, Assistant Federal Public Defender, that the Government

believes the circumstances of the offenses charged in Counts One and Two of the Indictment are such

1

that, in the event of a conviction, a sentence of death is justified under Chapter 228 (Sections 3591 through 3598), of Title 18 of the <u>United States Code</u>, and that the Government will seek sentences of death for these offenses, that is, murder by a federal prisoner serving a life sentence, in violation of Title 18, <u>United States Code</u>, Section 1118 as charged in Count One; and first degree murder in violation of Title 18, <u>United States Code</u>, Section 1111(a) as Charged in Count Two, both of which carry a possible sentence of death.

The Government proposes to prove the following factors as justifying a sentence of death:

**A.    Statutory Threshold Findings Enumerated in 18 U.S.C. § 3591(a)(1) and (2)(A)(B)(C) & (D)**

The government will seek to prove the following threshold findings as the basis for the imposition of the death penalty in relation to Counts One and Two of the Indictment:

1.  The defendant, SAMUEL STONE, intentionally killed the victim, Michael Anita. Section 3591(a)(2)(A).

2.  The defendant, SAMUEL STONE, intentionally inflicted serious bodily injury that resulted in the death of the victim, Michael Anita.  Section 3591(a)(2)(B).

3.  The defendant, SAMUEL STONE, intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Michael Anita, died as a direct result of the act.  Section 3591(a)(2)(C).

4.  The defendant, SAMUEL STONE,  intentionally engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Michael Anita died as a direct result of the act.  Section 3591(a)(2)(D).

**B.    Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).**

The Government will seek to prove the following statutory aggravating factors as the basis for the imposition of the death penalty in relation to Counts One and Two of the Indictment:

1.  **Death during the commission of another crime**.  The defendant, SAMUEL

STONE, caused the death, or injury resulting in the death, of Michael Anita during the commission or attempted commission of an offense under 18 U.S.C. § 1118 (prisoner serving a life term) (18 U.S.C. § 3592(c)(1)).

2. **Previous conviction of offense for which a sentence of death or life imprisonment was authorized.** The defendant, SAMUEL STONE, has previously been convicted of another Federal or State offense resulting in the death of a person, for which a sentence of life imprisonment or a sentence of death was authorized by statute (18 U.S.C. § 1111(a) and 1153) (18 U.S.C. § 3592 (c)(3)).

3. **Previous convictions of other serious offenses.** The defendant, SAMUEL STONE, has previously been convicted of 2 or more Federal or State offenses, punishable by a term of imprisonment of more than 1 year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person (18 U.S.C. § 3592(c)(4)).

4. **Heinous, cruel, or depraved manner of committing offense**. The defendant, SAMUEL STONE, committed the offense in an especially heinous, cruel, or depraved manner in that it involved serious physical abuse to the victim (18 U.S.C. § 3592(c)(6)).

5. **Substantial Planning and Premeditation**. The defendant, SAMUEL STONE, committed the offense after substantial planning and premeditation to cause the death of Michael Anita (18 U.S.C. § 3592(c)(9)).

C. **Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2).**

The Government will seek to prove the following non-statutory aggravating factors as the basis for the imposition of the death penalty in relation to Counts One and Two of the Indictment:

1. **Pattern of Violent Criminal Conduct.**. The defendant, SAMUEL STONE, from at least age fifteen and continuing into his adult life, engaged in a continuing pattern of violent criminal conduct against other individuals, including, but not limited to, the following: threats of violence towards others; the physical beating of others; and the killing of others.

2. **Lack of Remorse.** The defendant, SAMUEL STONE, has displayed no remorse for

the murder of Michael Anita.

3. **Future Dangerousness.**  The defendant, SAMUEL STONE, poses a continuing danger to others in that he is likely to commit additional acts of violence in any setting against inmates, prison guards and other officials at correctional institutions where he is or will be incarcerated, as evidenced by his past acts of violence and pattern of violence.  See Simmons v. South Carolina, 512 U.S. 154, 162-64 (1994).

4. **Victim Impact Evidence.**  The Defendant, SAMUEL STONE, caused injury, harm, and loss to Michael Anita's family as evidenced by the impact of his death upon his family.  18 U.S.C. § 3593(a); See Payne v. Tennessee, 501 U.S. 808, 825-26 (1991).

The United States further gives notice that, in support of the imposition of the death penalty, in addition to evidence of the above-listed aggravating factors, it intends to rely upon all the evidence admitted by the Court at the guilt phase of the trial and the offenses of conviction as alleged in the Indictment as they relate to the background and character of the defendant, SAMUEL STONE, his moral culpability, and the nature and circumstances of the offenses charged in Counts One and Two of the Indictment.

WHEREFORE, the United States very respectfully requests that its compliance with 18 U.S.C. § 3593(a) be Noted.

RESPECTFULLY SUBMITTED this 22nd day of March, 2012, in Fresno, California.

BENJAMIN B. WAGNER
United States Attorney

s/*Elana Landau*
ELANA LANDAU
Assistant U.S. Attorney

JACABED RODRIGUEZ-COSS
Trial Attorney
U.S. Department of Justice

4

## <u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that on this same date, a true and exact copy of the foregoing has been sent via ECF to defense counsel of record.

                                        s/*Elana Landau*
                                        ELANA LANDAU
                                        Assistant U. S. Attorney