# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:12-cr-72 JCC-GSA |
| Plaintiff, | ) | |
| v. | ) | **ORDER REGARDING JOINT** |
| | ) | **SCHEDULING HEARING** |
| SAMUEL STONE, | ) | |
| Defendant. | ) | |

Pursuant to the Judge Coughenour's order issued on October 11, 2012, the undersigned will conduct a scheduling conference in this matter. The Court's attempts to secure a date to hold the scheduling conference with all counsel have been unsuccessful. As such, within **10 (ten)** days of the date of this order, counsel shall confer and provide two proposed dates for the scheduling conference that is amenable to all of the attorneys involved. As counsel are aware, the jury trial in this matter is scheduled for **September 15, 2014.** The filing deadlines for discovery motions which will be heard by the undersigned have also already been set as follows :

        Defendant's Motions: December 7, 2012

        Government's Opposition: January 4, 2013

Defendant's Reply: January 18, 2013

To date, the Court has not set a hearing date for the discovery motions.  The Court will consider holding the scheduling conference and the hearing on the discovery motions at the same time.  However, counsel are advised that the Court will not entertain hearing dates beyond February 15, 2013.  If counsel prefer two different hearing dates, they shall so indicate and provide two proposed dates for any hearings requested.

### *The Joint Scheduling Report*

Prior to the scheduling conference, the parties shall meet and confer and prepare a joint scheduling report setting forth additional proposed dates in this matter.  The joint scheduling report shall be electronically filed in CM/ECF, no later than **ten (10)** court days prior to the hearing date, and simultaneously e-mailed in WordPerfect or Word format to gsaorders@caed.uscourts.gov.  When setting the proposed dates in the joint scheduling report, counsel shall be mindful that the trial date of **September 15, 2014**, is *firm*.  The parties are cautioned that modifications of the scheduling order, once established, will be looked upon with disfavor given the litigation demands of this case.

The joint scheduling report shall include the following :

1) A joint neutral statement of the case;

2) Confirmation of the discovery motion dates outlined above and two proposed dates for
    the hearing (See, Fed. R. Crim. P. 12 and 16);

3) A deadline for the Government's Notice of Aggravating Circumstances pursuant to 18
    U.S.C. § 3593, (if different from the Notice of Aggravating Circumstances already
    filed on March 22, 2012. (Doc. 3));

4) An identification of the number of anticipated trial phases, for example:
    a) guilt
    b) prior murder special circumstance pursuant to 18 U.S.C. § 3592(c)(3)
    c) sanity
    d) penalty
    e) Atkins (Atkins v. Virginia, 536 US 304 (2002));

2

5) Proposed dates for the final pretrial conference and the filing of the joint pretrial conference report;

6) A discussion of how the Government will provide victim family notification pursuant to 18 U.S.C. §§ 3771 and 3510, and the frequency with which this will occur;

7) A statement by defense counsel identifying who the lead attorney will be in each of the anticipated trial phases. Counsel shall also advise the Court which attorney will have the final decision-making authority in the event of a disagreement amongst the defense team;

8) Deadlines outlining disclosure due dates and the filing of any pretrial motions for each of the areas below. (See, Fed. R. Crim. P. 12 and 16). If motions are anticipated, counsel shall set forth proposed dates for the initial filing of the motion, as well as deadlines for the filing of an opposition and any reply. The Court will set a hearing date only after the briefing is completed. Counsel shall also advise the Court whether there are no relevant disclosures or motions anticipated in the following areas :

    a. Change of venue;

    b. Expert disclosures and motions relating to the same;

    c. Motions to suppress evidence (including seized items, purported statements of the Defendant, prison/jail monitored conversations, etc.);

    d. Motions challenging the death penalty;

    e. Motions in limine;

    f. Defendant's notice of defenses, including insanity and/or mental condition pursuant to Fed. R. Crim. P. 12.2;

    g. The Government's obligations pursuant to Brady/Giglio and any claim by the Government of Jencks Act material (in this regard, the Court

      encourages an open discovery policy by the government);

  h. A request for a Bill of Particulars;

  i. A deadline for the Government's motion for reciprocal discovery (See, Fed. R. Crim. P. 12 and 16);

  j. A deadline for the Government's disclosure of reports and results of scientific tests, physical and mental examinations pursuant to Fed. R. Crim. P. 16 (if requested by defense counsel);

  k. Deadlines for Daubert motions;

  l. Deadlines for the disclosure of the government's intention to use prior acts evidence in the guilt phase pursuant to FRE 404(b), and listing the specific prior acts it intends to use;

  m. Deadlines for the inspection of documents/objects;

  n. Proposed dates for the filing of a joint jury questionnaire with any objections; and

  o. A deadline by which defense counsel shall file all applications for writs of habeas corpus ad testificandum and all trial subpoenas to be served by the USMS or for which transportation of witnesses is required.

*Miscellaneous Issues*

All budgeting requests shall be submitted to the Office of the Circuit Executive at the Ninth Circuit with copies to Magistrate Judge Gary Austin. Counsel are advised that the undersigned will hold regular status hearings approximately every **forty-five (45)** days to monitor the progress of the case. In this regard, counsel should address whether the defendant needs to be present at each of these hearings if no rulings (other than obtaining updated status on the progress of the case and the setting of filing dates or future hearing dates) are anticipated. In addition, the parties shall file *a joint status report **five (5)** court days prior to each scheduled*

*status conference.*

As previously noted, discovery motions will be heard before the undersigned. All other matters, unless otherwise directed, will be heard before Judge Coughenour. As such, Counsel shall direct their respective motions to the appropriate judge.

In order to facilitate an efficient and fair process, counsel are advised that Bates stamping of any discovery disclosures is highly recommended. Furthermore, no ex parte communication with the Court will be allowed unless it is permitted by law. With regard to proceedings before Magistrate Judge Austin, all court proceedings must be on the record; no off the record discussions with the Court will be permitted. Finally, if all defense counsel will not be attending every hearing, counsel must identify in advance which attorney will be attending the hearing and whether this is with the Defendant's permission.

**Counsel are advised that failure to comply with this order may result in the imposition of sanctions.**

IT IS SO ORDERED.

Dated:   **October 25, 2012**                    /s/ **Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE