THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
AT FRESNO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL STONE,<br><br>Defendant. | CASE NO. CR12-0072-JCC<br><br>**DEATH PENALTY CASE**<br><br>ORDER EXCLUDING TIME<br>UNDER SPEEDY TRIAL ACT |

This matter comes before the Court on the joint stipulation of the parties to exclude the time from and including October 11, 2012 through the scheduled trial date of September 15, 2014 in computing the time within which the trial in this action must commence under the Speedy Trial Act (Dkt. No. 29). The Court hereby FINDS and ORDERS as follows:

Under the Speedy Trial Act, the trial of a defendant shall commence within seventy days from the date that an indictment is made public, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1). Certain periods of delay are excludable from the speedy trial calculation. *See id.* § 3161(h). In particular, any period of delay resulting from a continuance is excludable if the Court makes a finding that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. *Id.* § 3161(h)(7)(A). The factors, among others, which the Court considers in determining whether to grant a continuance are set forth in

§ 3161(h)(7)(B)(i)–(iv). The second factor is "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." *Id.* § 3161(h)(7)(B)(ii). A finding of complexity alone is sufficient to support an exclusion of time based upon an "ends of justice" continuance. *See, e.g.*, *United States v. Kamer*, 781 F.2d 1380, 1389–90 (9th Cir. 1986); *United States v. Wellington*, 754 F.2d 1457, 1467 (9th Cir. 1985).

This case is "unusual" and "complex" due to "the nature of the prosecution." 18 U.S.C. § 3161(h)(7)(B)(ii). Defendant Samuel Stone is charged with first-degree murder, and the United States is seeking the death penalty. Given the unusual nature of this case, "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. *Id.* At the October 11, 2012 status conference, counsel and the Court discussed at length the time necessary for Stone and his counsel to adequately prepare for a case of such monumental consequences for him, and the Court found that a trial date in the Fall of 2014 was necessary for that preparation. Because this is a death penalty case, Stone and his counsel must prepare not only for the guilt phase of the trial, but also for the possible penalty phase, which involves the presentation of extensive mitigation evidence. The Court finds that the ends of justice served by granting the stipulated continuance outweigh the best interest of the public and Defendant Stone in a speedy trial. *Id.* § 3161(h)(7)(A).

Therefore, it is hereby ORDERED that the period of delay from October 11, 2012 through September 15, 2014 is excludable time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

//

//

//

//

1  DATED this 26th day of October 2012.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER EXCLUDING TIME UNDER SPEEDY
TRIAL ACT
PAGE - 3