IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL STONE,<br><br>Defendant.<br>_____ | Case No. 12-CR-0072-JCC-GSA<br><br>**ORDER AFTER DISCOVERY MOTION HEARING** |

On December 7, 2012, Defendant, Samuel Stone ("Defendant") filed a Motion to Compel Discovery. (Doc. 34). On January 9, 2013, Plaintiff, the United States of America (the "United States" or "government"), filed an opposition. (Doc. 41). Defendant filed a reply and an amended reply on January 24 and 25, 2013, respectively. (Docs. 47 and 49).

The Court held a hearing on the motions on February 5 and February 6, 2013. (Docs. 50-52). Donald Knight and Alexandra Negin personally appeared on behalf of Defendant. Jacabed Rodriquez-Coss (for the United States Department of Justice), Kevin Rooney (for the United States Attorney), and Troy Dorrett (for the Bureau of Prisons) personally appeared on behalf of the United States. The parties were ordered to meet and confer in an attempt to resolve the disputed items. Counsel were also advised that the Court would require the filing of a joint statement outlining what disputes were resolved, and what disputes were remaining at the conclusion of the hearing.

After the meet and confer session, the parties indicated that all of the discovery disputes had either

been resolved, or the parties were in the process of resolving them.   Pursuant to the agreement of the parties, the joint statement, as well as any stipulated protective orders shall be filed **no later than April 30, 2013**.  The *joint* statement shall address the following areas :

    1)      A detailed list of *all* resolved discovery disputes, including those items that Defendant no longer is seeking, a list of those items the government will produce, as well as a date by which the government will comply;

    2)      A detailed list of *all* unresolved disputes which includes the parties' respective positions under each item.  In this regard, the parties are advised that the Court will not accept blanket assertions of materiality by the defense.  Instead, the defense must clearly demonstrate why a document or other information is material and why it is discoverable under Rule 16 and/or Brady.  Similarly, the Court will not accept blanket assertions by the prosecution that the requests are overbroad or unduly burdensome.  If the government represents that a document or other requested item cannot be located, is no longer in existence, or has been destroyed, then it must briefly describe what efforts it has made to obtain the requested information;

    3)      If the government is asserting a privilege, it must clearly identify the privilege and set forth reasons why the privilege outweighs Defendant's right to disclosure.  Likewise, the Defendant must set forth specific reasons why the government's requested privilege should not be sustained.  The government must produce a privilege log identifying each document it seeks to protect and the privilege asserted.  It shall also produce the material for an *in camera* inspection upon order of the Court.  Additionally, the government must address why a protective order permitting the production of the document with the limitation of  "for counsel's eyes only, and not to be shared with the Defendant," will not suffice.  Similarly, if the Defendant believes that a protective order will suffice then he shall so state.  If defense counsel disagrees with the disclosure being "for attorney eyes only," he or she shall provide a detailed explanation why;

    4)      Finally, if the Defendant is requesting that the government provide unredacted copies of documents, defense counsel must clearly indicate why the redacted information is necessary and material.  Conversely, the government must explain why the redactions are necessary and cite to relevant legal authority in support of its position.  Additionally, the government must explain why a protective order will

1 | not suffice.  The government shall provide both redacted and unredacted documents to the Court for an *in*
2 | *camera* review if the Court deems it necessary;
3 |     5)  All documents submitted to the Court for an *in camera* inspection must be Bates stamped so the
4 | record clearly identifies what documents the court has reviewed and its subsequent ruling regarding the
5 | disclosure or non-disclosure of the disputed items; and
6 |     6) Finally, if discovery disputes remain, each side shall submit a proposed order outlining
7 | proposed rulings for each disputed item.

      IT IS SO ORDERED.

      Dated:   **February 22, 2013**          /s/ **Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE