BENJAMIN B. WAGNER
United States Attorney
ELANA S. LANDAU
KEVIN P. ROONEY
Assistant U.S. Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000

LANNY A. BREUER
Assistant Attorney General
JACABED RODRIGUEZ-COSS
Trial Attorney
Criminal Division
U.S. Department of Justice
1000 Lafayette Blvd., 10th Floor
Bridgeport, CT 06604

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 1:12-CR-00072-JCC-GSA |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | STIPULATED "ATTORNEYS EYES ONLY" PROTECTIVE ORDER |
| SAMUEL STONE, | ) | |
| Defendant. | ) | DEATH PENALTY CASE |

THE FOLLOWING PROTECTIVE ORDER is entered with reference of the following facts:

   A. Defendant Samuel Stone has been charged with murder by a federal prisoner serving a life sentence in violation of 18 U.S.C. § 1118(a) and first degree murder in violation of 18 U.S.C. § 1111(a).  The indictment alleges that on or about July 30, 2003, the defendant killed one of his cellmates while housed in the Special Housing Unite (SHU) at United States Prison Atwater.  Trial is currently set for September of 2014.  (Doc. 1).

   B. In his Motion to Compel, Defendant Stone requested the production of certain program statements/manuals created and used by the United States Bureau of Prisons.  (Doc. 34).  Documents

responsive to the specific discovery requests are contained in the following Program Statements (PS) and Manuals created by the Bureau of Prisons, including any revisions, updates, and attachments to each document:

    (1)  PS 1380.05 Special Investigative Supervisors Manual

    (2)  PS 5500.00 Correctional Services Manual.

At a hearing held on February 5th and 6th, 2013, the Government agreed to the release of these documents subject to the terms and conditions of this Protective Order. As such, the parties agreed and stipulated to the following terms and conditions.

Based on the foregoing facts, it is hereby ORDERED as follows:

1. Documents produced in response to this Order shall bear distinctive markings indicating that they are covered by this protective order. Each document produced, and each computer disc used to produce the documents, shall bear the legend "Security PTO Docs" and "Attorney Eyes Only" in bold print. Each page of documents produced shall be consecutively numbered with the prefix "SecPTOxxxx," or similar markings indicating such materials are protected pursuant to this particular Court Protection Order.

2. Three copies of the documents produced in response to this Order shall be provided to the attorneys for the defendant (one copy for each attorney), and shall be numbered as copies one through three respectively. Defendant's Counsel shall not copy any portion of the documents, and shall not disseminate any of the contents by any means other than as provided for in this Protective Order, and except as is necessary for Court proceedings.

3. Documents produced in response to this Protection Order shall be segregated from other discovery in the files of defense counsel and be kept in a folder or envelope designating the contents as "Protected Information" for "Defense Attorneys Only". These documents shall be sequestered so that they may be viewed only by the attorneys representing Mr. Stone, and only those experts working under their supervision on this case to which the information would be pertinent. Each person who views the documents shall be given a copy of this order and sign a document acknowledging that they have read it and agree to its terms. Neither Mr. Stone nor any other individual not mentioned in this order shall have access to these documents or the information contained in them, either directly or indirectly.

Defense counsel shall maintain a list of individuals who view these documents.  At the conclusion of these proceedings, defense counsel shall file that list with the Court, ex parte and under seal.

    4.    Documents produced in response to this Order, and all information contained therein, shall be embargoed so that they may be viewed and used only for purposes of the defense of Mr. Stone in the present case.  No documents produced that is the subject of this Protection Order, and no information contained in those documents, shall be disclosed outside of these proceedings.  If any report prepared in accordance with Fed. R. Crim. P. 16(b)(1)(C) contains or refers to information contained in these documents, the report shall bear the legend specified in Paragraph 1, supra, and shall be filed under seal.

    5.    In the event a party seeks to introduce testimony describing the contents of documents produced pursuant to this Order, or any part of the documents themselves, the following procedure will be used:

    a.    Before questioning any witness at trial concerning the contents of the Program Statements, Defendant's Counsel shall provide to the Court a description of the portions of the Program Statements  to which Defendant's Counsel intends to refer.  In the event the documents or testimony describing their contents is admitted or proffered, it shall be subject to protection.

    b.    If a document covered by this Order, or any portion thereof, is proffered or admitted into evidence, it will be retained by the Court under seal; the exhibit will not be publicly available except in the open courtroom.

    c.    Subject to the Court's ruling on specific objections, the parties will be permitted to use the documents during trial, in open court, just as would be permitted with any protected order document in any other criminal trial.

    d.    At the conclusion of trial, before the transcript becomes publically available, the parties will file a joint statement identifying the portions of the transcript that should be redacted along with a proposed order directing the Clerk to make the redactions.

    6.    This Order shall continue in effect after the conclusion of these proceedings.  Following any appeal or post-conviction review, then-counsel for the defendant shall be responsible for returning to the Bureau of Prisons each document produced in response to this Court Order.

7. This Protective Order does not constitute a ruling on the admissibility of any documents produced. Furthermore, by producing the documents protected by this order, the government does not waive any potential objections to the relevance or admissibility of any of the documents provided.

8. The government in this case has agreed to provide the protected discovery rather than litigate the government's duty to provide the additional discovery. This Protective Order shall not be precedent for adopting any procedure with respect to the disclosure of any additional discovery, nor shall it be considered precedent for any other case.

The terms and conditions of this Protective Order are stipulated to by the parties hereto dated this 3rd day of April, 2013.

/s/ Elana S. Landau
ELANA LANDAU
Assistant United States Attorney

/s/ Jacabed Rodriguez-Coss
JACABED RODRIGUEZ-COSS
Trial Attorney

ATTORNEYS FOR THE UNITED STATES OF AMERICA

/s/ Donald R. Knight
DONALD R. KNIGHT
Learned Counsel

/s/ Joseph Schlesinger
JOSEPH SCHLESINGER
Acting Federal Defender

/s/ Tivon Schardl
TIVON SCHARDL
Trial & Habeas Attorney

/s/Alexandra Negin
ALEXANDRA NEGIN
Assistant Federal Defender

ATTORNEYS FOR
SAMUEL RICHARD STONE

IT IS SO ORDERED.

Dated:   **April 4, 2013**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE