DONALD ROBERT KNIGHT, Pro Hac Vice
Knight & Moses, LLC
7852 South Elati Street, Suite 201
Littleton, Colorado 80120
Telephone: 303/797-1645
Facsimile: 303/730-0858
E-mail: don@knightandmoses.com

JOSEPH SCHLESINGER, SB #87692
Acting Federal Defender
LEXI NEGIN, SB #250376
Assistant Federal Defender
TIVON SCHARDL, FL Bar #73016
Trial & Habeas Counsel
Office of the Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: 916/498-6666
Facsimile: 916/498-6656
E-mail: lexi_negin@fd.org
          tim_schardl@fd.org

Attorneys for Defendant
SAMUEL R. STONE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      vs.<br><br>SAMUEL R. STONE,<br><br>            Defendant. | **Case No. 1:12-CR-0072-JCC-GSA**<br>**DEATH PENALTY CASE**<br><br>**ORDER RE: REVISED STIPULATION AS TO UNRESOLVED DISCOVERY REQUESTS**<br><br>Date:     July 11, 2013<br>Time:    10:00 a.m.<br>Judge:   The Hon. Magistrate Judge<br>              Gary S. Austin |

**STIPULATION AS TO UNRESOLVED DISCOVERY REQUESTS**

In accordance with the Court's Order After Discovery Motion Hearing (Doc. 85) the parties submit this stipulation outlining discovery requests that are unresolved. All numbered and italicized

requests refer to the numbering in Defendant's Motion to Compel Access to Evidence filed on December 7, 2012 (Doc. 34), Defendant's Notice of Motion & Motion for Access to Evidence filed on April 22, 2013 (Doc. 78) and the Joint Statement filed April 29, 2012 (Doc. 79).

*6.     All audio and video recordings of oral statements made by Mr. Stone, including, but not limited to, any statement made in the recreation cage area of the SHU at USP Atwater on July 30, 2003.*

The government represents that all audio and video recordings that were preserved have been provided and the defense does not dispute that representation. However, it is apparent that there is video that was not preserved, and therefore not provided, that would have been responsive to the request and the defense requests more detailed information about the process of preserving / not preserving the video.

The government represents that video from UPS Atwater from the time frame of the Michael Anita homicide was reviewed by the FBI in consultation with the SIS at Atwater during the investigation of the homicide and that decisions were made about preservation. If video was not preserved, the result was its destruction. The government has not provided any details or reports about this process and the defense requests a more detailed description of the process by which the decision to preserve or not to preserve the evidence was made, including documentation of the process, and /or regulations or FBI training materials that would be relevant to this process. Thus, the defense position is that the request is unresolved.

*III. B. 1. a.*    ***Evidence related to the allegations in the Indictment***

*With respect to the specific charges in this case, the Court should order the government to search for and produce information, in any form, that would, if viewed cumulatively with other evidence, be favorable to the defense in the following ways:*

*(1)     Raise doubt about the government's allegation that the Mr. Stone acted with malice aforethought;*

*(2)   Raise doubt about the government's allegation that the Mr. Stone acted willfully, deliberately, maliciously and with premeditation;*

*(3)   Raise doubt about the government's allegation that the Mr. Stone intentionally killed, inflicted serious bodily injury that resulted in death; intentionally participated in an act, contemplating that a life would be taken or intending that lethal force would be used, intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death, such that the participation in the act constituted a reckless disregard for human life;*

*(4)   Raise doubt about the government's allegation that the Mr. Stone caused the death, or injury resulting in death during the commission of an offense under 18 U.S.C. §1118;*

*(5)   Raise doubt about the government's allegation that the Mr. Stone has committed the offense in an especially heinous, cruel, or depraved manner;*

*(6)   Raise doubt about the government's allegation that the Mr. Stone committed the charged offense after substantial planning and premeditation.*

The government agrees to provide all information it has in its possession custody or control regarding Mr. Stone's mental health conditions and treatment while housed in the federal Bureau of Prisons. The government represents that it has provided the entire Bureau Electronic Medical Record (BEMR) for inmate Samuel Stone through 2/19/2013. BOP began keeping electronic medical records in 2008. Prior to 2008, medical records were kept in a paper file. The government agrees to provide the paper medical file for Stone by June 14, 2013, but it has not yet been provided to the defense. Thus, this request is unresolved.

*III. B. 1. b   General Brady requests*

The government has represented that it has interviewed a witness who provided information to the government that Mr. Fuentes was involved in the homicide of Michael Anita. The government agrees that this information is *Brady* information and must be revealed to the defense

1  and will provide some information about this information to the defense by June 14, 2013.  The
2  government has agreed to provide the substance of the statement, but not the identity of the
3  individual making the statement.  To date, the government has provided neither the substance of the
4  statement nor the identity of the witness and thus this request is unresolved.

6  *(9)     All documents or electronically stored information, reports, and other writings*
7  *relating to these charges, including but not limited to emails exchanged between staff or*
8  *management at USP Atwater, BOP, the United States Attorneys' Office, and the FBI;*
9  The defense has agreed to narrow its request to emails containing substantive communication
10 about the case against Mr. Stone, as opposed to communications about logistical matters such as
11 scheduling.  The government submits that communications between the USAO and the FBI and/or
12 management at USP Atwater are privileged attorney/client communications, and are further not
13 relevant to any fact at issue in this case.
14 Without waiving its privilege, the government provided various communications between
15 AUSA Rooney and the BOP.  (April 5, 2013 discovery production PTO 892-896).
16 This request is unresolved because the government has not made any indication of what
17 responsive material that it has, but that it is withholding due to a privilege, and has not provided that
18 material to the Court for preservation and *in camera* inspection.

20 *(11)    All written documents or electronically stored information, reports, writings or*
21 *communications relating to any and all investigations, disciplinary hearings or actions or by any*
22 *name they may be known concerning any BOP employee that arose after or that is in any way*
23 *connected to the death of Michael Anita.*
24 The government agrees to provide *Giglio* material by 7/15/2014.  Defense counsel submits
25 that the government must provide *Giglio* material sooner than 2014.  To the extent the date of
26 production is disputed, this request is unresolved.

28 *(13)    Audio or video recordings of Angelo Fuentes in the places where he was after he was*

1  *taken out of SHU cell 121 on July 30, 2003.*

2  The government represents that all audio and video recordings that were preserved have been provided and the defense does not dispute that representation. However, it is apparent that there is video that was not preserved that would have been responsive to the request.

3  The government represents that video was reviewed by the FBI in consultation with the SIS at Atwater and that decisions were made about preservation. If video was not intentionally preserved, the result was its destruction. The government has not provided any details or reports about this process and the defense requests a more detailed description of the process by which the decision to preserve or not was made, including regulations or FBI training materials that would be relevant to this process. Thus, the defense position is that the request is unresolved.

*(14)   Audio or video recordings of the recreation cages of the USP Atwater SHU at all times on July 30, 2003.*

The government represents that all audio and video recordings that were preserved have been provided and the defense does not dispute that representation. However, it is apparent that there is video that was not preserved that would have been responsive to the request.

The government represents that video was reviewed by the FBI in consultation with the SIS at Atwater and that decisions were made about preservation. If video was not intentionally preserved, the result was its destruction. The government has not provided any details or reports about this process and the defense requests a more detailed description of the process by which the decision to preserve or not was made, including regulations or FBI training materials that would be relevant to this process. Thus, the defense position is that the request is unresolved.

*(15)   Audio or video recordings of the USP Atwater SHU from 12:00 p.m. on July 29, 2003 through 12:00 p.m. on July 31, 2003.*

The government represents that all audio and video recordings that were preserved have been provided and the defense does not dispute that representation. However, it is apparent that there is video that was not preserved that would have been responsive to the request.

1   The government represents that video was reviewed by the FBI in consultation with the SIS at Atwater and that decisions were made about preservation. If video was not intentionally preserved, the result was its destruction. The government has not provided any details or reports about this process and the defense requests a more detailed description of the process by which the decision to preserve or not was made, including regulations or FBI training materials that would be relevant to this process. Thus, the defense position is that the request is unresolved.

*(28)   Any and all SHU logs and work orders, including the covers of such books, from the date that Mr. Stone was placed in the SHU through and until the BOP investigation into the Michael Anita homicide was complete including, but is not limited to, the following logbooks or work orders by whatever name they were known at the time of this event:*

    *(a)   activity logs,*
    *(b)   "bed books,"*
    *(c)   institutional duty officer reports,*
    *(d)   SHU Shakedown logs,*
    *(e)   confiscation logs,*
    *(f)   lieutenant's daily logs,*
    *(g)   SHU A-range 30 minute round logs,*
    *(h)   SHU A-range logbook,*
    *(i)   SHU sign in logbook,*
    *(j)   SHU 21-day rotation log,*
    *(k)   captain's logs/files,*
    *(l)   SHU razor logs,*
    *(m)   control logbook,*
    *(n)   Alcohol Surveillance logbook,*
    *(o)   SHU OIC log,*
    *(p)   work orders,*
    *(q)   kitchen logs reflecting food service from July 20, 2003*

*through July 30, 2003;*

The government has provided a list of various logbooks from Atwater at Bates pages 7687 to 7709.  The government will provide access for the defense to copy the logbooks listed below and will work with the defense to make those arrangements by July 31, 2013.  Thus the following requests are unresolved:

   f) the government agrees to provide lieutenant's daily logs from January – July 2003

   g) the government agrees to provide the SHU A-range 30 minute round logs for 5/5/03 through 11/3/03

   h) the government agrees to provide the SHU A-range logbook and the government will for 5/5/03 through 11/3/03,

   i) the government agrees to produce the SHU sign in logbook for 10/24/02-3/23/04

   k) the government represents that only one document exists that could qualify as a captain's logs/files and the government agrees to provide it

   l) the government agrees to provide the SHU razor logs for 1/29/03 – 9/24/03

   m) the government agrees to provide control logbooks for 12/2/02-7/21/03

   n) the government represents that no Alcohol Surveillance logbook exists specific to the SHU.  The government represents that SIS tracks alcohol related disciplinary actions, but only does so for one year.  The government represents there is an institution breathalyzer log, but it is not specific to the SHU.  The government is currently seeking to obtain this log and if it exists, it will produce it.

   o) the government agrees to provide the SHU OIC log for 1/27/03-6/19/03

*(30)   Any and all documents or electronically stored information, reports, writings or communications related to any psychological, psychiatric, or neurological assessment of Michael Anita, Angelo Fuentes, Samuel Stone or any person who may be called as a witness at trial;*

Without conceding the premise of the discovery request set forth herein, the government agreed to and provided the mental health records for Mr. Anita.  The government represents that it

does not have a medical release from Mr. Fuentes; therefore, it cannot disclose his medical or mental health records. The defense agrees with these representations.

The government agrees to provide all information it has in its possession custody or control regarding Mr. Stone's medical and mental health conditions and treatment while housed in the federal Bureau of Prisons. The government represents that it has provided the entire Bureau Electronic Medical Record (BEMR) for inmate Samuel Stone through 2/19/2013. BOP began keeping electronic medical records in 2008. Prior to 2008, medical records were kept in a paper file. The defense made a FOIA request for Mr. Stone's medical records and received a disk with records. The government represents that the paper medical file is included in the disk received by the defense in February of 2013. The government agrees to provide a copy of the paper medical file from the FOIA database by June 14, 2013.

*(42)   Any and all documents or electronically stored information, reports, communications or writing describing the training on crime scene preservation and the gathering of evidence of the FBI agents and/or BOP employees, agents, or representatives who conducted the crime scene investigation into the death of Michael Anita up to date and the time of the Anita homicide*

The government represents that FBI Special Agent Mardee Robinson supervised BOP employees in crime scene and evidence collection. Upon learning that the final decisions about evidence collection and preservation were made by FBI Agent Robinson, the defense has requested that the government provide all FBI manuals and training materials on the preservation of the crime scene and evidence collection and submits that this information constitutes impeachment material as to evidence that was not preserved, including but not limited to video, blood stained materials, and potential weapons. The government objects to providing this requested material.

*(49)   Office of the Inspector General (OIG) information on any and all BOP witnesses*

The government agrees to provide *Giglio* by 7/15/2014. Defense counsel submits that the government must provide *Giglio* material sooner than 2014. To the extent the date of production is

1  disputed, this request is unresolved.

3      *(50)    Any and all documents or electronically stored information, reports, writings or*
4  *communications related to inmate Scott Rollins, Fed. Reg. # 18816-004, including but not limited to*
5  *his role as a defendant, witness, information or potential witness or informant in any case whether*
6  *pursued by the BOP or prosecuted otherwise (see Bates page 000035)*

7      The government proposes to provide the information requested pursuant to a protective order
8  by July 14, 2014.  Defense counsel submits that the government must provide the material before
9  2014.  To the extent the date of production is disputed, this request is unresolved.

11      *(66)    Any and all documents or electronically stored information, reports, writings or*
12  *communications relating to the assault of Stephen Jackson on or about April 24, 2003*

13      The government agrees to provide the requested materials by June 14, 2013.

15      *(67)    Any and all documents or electronically stored information, reports, writings or*
16  *communications regarding the investigation and prosecution of Angelo Fuentes, Charles Anagal,*
17  *and Shawn Percy for the serious assault of Stephen Jackson on or about April 24, 2003*

18      The government agrees to provide the requested materials by June 14, 2013.

20      *(69)    Any and all documents or electronically stored information, reports, writings or*
21  *communications related to the compliance or non-compliance with Program Statement 1380.06*
22  *(Giglio compliance) in this case.*

23      This request has not been resolved.

25  **UNRESOLVED DISCOVERY REQUESTS FROM THE DEFENDANT'S NOTICE OF**
26  **MOTION AND MOTION FOR ACCESS TO EVIDENCE FILED ON April 22, 2013 (Doc. 78)**
27  **(relating to the BOP's ADX facility):**

28      *(a)    An overview description of the ADX and its various units including the General*

*Population Unit, Step down Units (Transitional and Intermediate), Control Unit, Special Security Unit, Special Housing Unit, and the unit known as Range 13.*

The government has provided a nine-page printout from the BOP intranet that gives only a very general description of ADX, as such it lacks details and is not responsive. The government has also provided two Declarations, one authored by ADX Assistant Warden Milusnic (14 pages) and one authored by Unit Manager Mark Collins (139 pages), both were made part of the record in another trial that describes certain units of the ADX relevant to the issues presented in that trial. The response is incomplete as it gives virtually no description of the special security unit, the special housing unit, the control unit or the unit known as range 13.

*(h) The number of inmates by each calendar year from 2003 to present receiving a commitment directly from the sentencing court to the ADX without first entering a federal prison facility (other than the inmate's pre-trial federal detention facility). For each such inmate, list the offenses of conviction and reasons for the inmate's direct commitment from court to the ADX.*

This request is unresolved.

*(i)   The number of inmates by each calendar year from 2003 to the present receiving a commitment to the ADX from another federal prison facility (other than the inmate's pre-trial federal detention facility). For each such inmate, list the institution from which the request was made for the inmate's transfer to the ADX and the reasons given for the inmate's transfer to the ADX.*

This request is unresolved.

*(j) The number of inmates by each calendar year from 2003 to the present that are denied placement by the BOP to the ADX following a request that such a placement be made by another BOP facility. For each such inmate, list the institution from which the request was made for the inmate's transfer to the ADX and the reasons given for the denial of the inmate's transfer to the ADX.*

This request is unresolved.

*(k) A list of inmates that have been released from ADX each calendar year from 2003 to present, and for each such inmate, please provide the following data:*

*1. The date of entry to the ADX,*

*2. Which specific Unit each such inmate was housed in while at the ADX,*

*3. Whether said inmate went through the step down program prior to his being released from the ADX,*

*4. The date of exit to a USP or other Federal facility, and*

*5. The name and security level of the institution to which said inmate was released.*

The government has responded to this request by providing the following information:

- Number of inmates that have been released from the H-Unit each year since 2005

    2005 – 0

    2006 – 1

    2007 – 1

    2008 – 2

    2009 – 7

    2010 – 0

    2011 – 2

    2012 – 2

- Number of inmates that have been released from the B-Unit each year since 2005

    2005 – 6

    2006 – 7

    2007 – 16

    2008 – 11

    2009 – 8

    2010 – 9

    2011 – 7

2012 – 10

This response is incomplete and thus, this request is unresolved.

*(l) The name of any inmates who have been released from any unit of the ADX who have since been returned to the custody of the ADX, along with documentation giving the findings made by the BOP to support the inmate's return to the ADX.*

This request is unresolved.

*(m) The statistical data for Prohibited Acts and Injury Assessment for Acts of Inmate Misconduct that is required to be collected and maintained by §541.8, Chap. 5, Appendix D of P.S. 5270.09 (Inmate Discipline Program), including all prohibited acts listed therein, for the ADX from 2003-2012.*

*1.     With regard to the prohibited acts listed above, please provide the names of the inmates so charged with each such act.*

The government has provided a list of the number of guilty findings for all for prohibited acts committed at Florence ADX from 2003 through 2012.  The government has provided no identifying information to track which inmates committed these acts.  Identifying information is needed as it is believed that most of these incidents are caused by only a few repeat offenders within the ADX and that therefore, most of the population at that institution does not act out.  The government will provide further discovery relevant to this request by June 14, 2013.  Thus, this request is unresolved.

*(p) Specify the number of inmates serving life without parole for a homicide that occurred within the BOP and their current institutional placement.*

The government has responded with a document which may be a list of inmates that is responsive to this request, however, the list is completely redacted as to their identity and does not include information about their current placement.  The request is unresolved.

*(s) For inmates serving life without parole for a homicide that occurred within the BOP, the*

*statistical data for Prohibited Acts and Injury Assessment for Acts of Inmate Misconduct (including all prohibited acts listed therein) that is required to be collected and maintained by §541.8, Chap. 5, Appendix D of P.S. 5270.09 (Inmate Discipline Program), from calendar years 2003-2012.*

This request is unresolved.

*(t) Documents, diagrams, and photos describing the purpose, physical layout, policies regarding inmate-staff contact, daily activities, movement, and privileges for inmates on Range 13.*

This request is unresolved.

*(u) Documents describing the criteria for being placed in Range 13 at ADX Florence.*

This request is unresolved.

*(v) Documents describing the policy regarding release of inmates from Range 13.*

This request is unresolved.

*(w) List the inmates housed in Range 13 since ADX opened, date of entry and date of exit.*

This request is unresolved.

*(x) Any and all information of whatever kind there may be whatsoever, in the possession, custody and control of the BOP, or any other government agency, including but not limited to, any e-mail or other written communication, that discusses or supports in any way the decision to release Mr. Stone from the custody of the ADX and to return him to a general prison population.*

The government will provide a nine page document entitled Control Unit Executive Panel Review which details recommendations to release Mr. Stone from the ADX by June 14, 2013.

*(y) Any and all information of whatever kind there may be whatsoever, in the possession, custody and control of the BOP, or any other government agency, including but not limited to, any e-mail or other written communication, that discusses or supports in any way the decision to move Mr.*

*Stone from each facility that he has been housed at since his release from the ADX to another facility.*

The government will provide a nine page document entitled Control Unit Executive Panel Review which details recommendations to release Mr. Stone from the ADX by June 14, 2013.

*E. Transcripts of Grand Jury Proceedings*

The government agrees to provide transcripts of the Grand Jury proceedings in this case by June 14, 2013.

DATED:     June 11, 2013

Respectfully submitted,


*/s/ Elana Landau*
ELANA LANDAU
ASSISTANT UNITED STATES ATTORNEY
OFFICE OF THE UNITED STATES ATTORNEY


*/s/ Jacabed Rodriguez-Coss*
JACABED RODRIGUEZ-COSS
US DEPARTMENT OF JUSTICE
TRIAL ATTORNEY



ATTORNEYS FOR SAMUEL STONE:

*/s/ Donald R. Knight*
DONALD R. KNIGHT
LEAD COUNSEL

JOSEPH SCHLESINGER
Acting Federal Defender

*/s/ Tivon Schardl*
TIVON SCHARDL
TRIAL & HABEAS COUNSEL

*/s/ Lexi Negin*
LEXI NEGIN
ASSISTANT FEDERAL DEFENDER

**ORDER**

The Court has reviewed the above stipulation of the parties and adopts the representations contained herein.  The parties are directed to file briefs for all remaining unresolved discovery disputes in accordance with the deadlines and directives contained in this Court's order dated May 16, 2013.  (Doc. 85).

IT IS SO ORDERED.

Dated:   **June 11, 2013**                            **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE