BENJAMIN B. WAGNER
United States Attorney
MICHAEL FRYE
KEVIN P. ROONEY
Assistant U.S. Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000

MYTHILI RAMAN
Acting Assistant Attorney General
JACABED RODRIGUEZ-COSS
Trial Attorney, Criminal Division
U.S. Department of Justice
1000 Lafayette Blvd., 10th Floor
Bridgeport, CT 06604
Telephone:  (203) 696-3027


## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|      Plaintiff, | ) | |
| | ) | CASE NO.  12-CR-72-JCC-GSA |
| v. | ) | |
| | ) | |
| SAMUEL STONE, | ) | |
|      Defendant. | ) | |
| _____ | ) | |


## MOTION FOR RECONSIDERATION OF AND EXTENSION OF TIME TO COMPLY WITH DISCOVERY REQUEST 42 PURSUANT TO COURT ORDER OF AUGUST 27, 2013 (Dkt. 106)


COMES NOW the United States of America, by and through the undersigned

attorneys, and very respectfully submits the instant request for reconsideration of this

Court's Order of August 27, 2013, as it relates to defendant's discovery request 42.

On August 27, 2013, the Court issued an Opinion and Order resolving the parties' discovery disputes arising from defendant's motions to compel discovery. (Dkt. No. 106). The Court also ordered the Government to provide additional information regarding the efforts it undertook to ascertain whether certain categories of documents existed and could be produced.  In so doing, the court actually expanded significantly on defendant's discovery request 42, which read as follows:

Request (42) from Defendant's Motion to Compel (Dkt. 34).

(42)  Any and all documents or electronically stored information, reports, communications or writing describing the training on crime scene preservation and the gathering of evidence of the FBI agents and/or BOP employees, agents, or representatives **who conducted the crime scene investigation** into the death of Michael Anita up to date and the time of the Anita homicide.[1]

The FBI crime scene investigation of the murder of Michael Anita was conducted by Special Agent Mardee Robinson.  Special Agent Robinson informed that he received basic training on crime scene preservation and evidence collection when he attended the FBI academy as a new agent.  The Government spoke to Jeffrey Bedford, Unit Chief of the New Agent and Analyst Training Unit for the FBI, who indicated that the FBI did not have any documents responsive to this request.  While confirming that the basic training provided to new FBI agents includes some instruction on evidence collection and crime scene preservation, Mr. Bedford indicated that the FBI has no existing records of the curriculum of the FBI academy in 1996, when Special Agent Robinson attended the academy.  The Government limited its response to any documents

---

[1]  The Government previously provided the defendant with the BOP SIS Manual pursuant to an Attorney's Eyes Only protective order, which the parties agreed responded to the BOP portion of this request.

pertaining to any training received by Special Agent Robinson, because that was what the defense specifically requested above.

In its Order of August 27, 2013, the court, <u>sua</u> <u>sponte</u>, expanded the defendant's request to include "Any policies, manuals or training materials regarding the preservation/collection of evidence that were in effect at the BOP and/or the FBI at the time of the murder, during the investigation, and at the time any evidence was destroyed." (Dkt. No. 106, p. 15). As reworded by the court, this request is far broader than originally intended by the defendant, and respectfully, far broader than would be relevant here. A strict reading of the Court's language would subject to disclosure a vast amount of training materials that are law enforcement sensitive and bear no relevance to the case at hand.

The Government has provided to the defendant the 2007 FBI Handbook on Forensic Services, which is available on the FBI public website. This handbook contains a section on crime scene preservation, evidence handling and evidence collection. The FBI has also located a hardcopy of the 2003 version of this handbook and the same is being sent to the undersigned via federal express. We expect that the same will be provided to the defendant by Wednesday, October 2, 2013. The Government had not provided these materials earlier because they are public, and because the defendant had requested only materials that had been used in the training of Special Agent Robinson.

In addition to the basic training it provides all of its agents, the FBI also provides a myriad of specialized trainings on crime scene preservation and evidence collection as it relates to different types of crime scenes. For example, the FBI provides

specialized training to agents who conduct evidence collection at bombing scenes.  The materials used in these trainings are law enforcement sensitive.  Strictly construed, such training would come under the purview of this Court's Order.  The Government understands, however, that it was not the Court's intent to have the Government disclose such specialized training material as it would be clearly irrelevant to the case at hand.

The FBI also has Evidence Response Teams ("ERT") that specialize on evidence collection.  Most FBI divisions have ERT teams that receive specialized training on the area of evidence collection.  The materials used in these trainings are also law enforcement sensitive.  ERT teams are not dispatched to every violent crime scene, however.  The investigating agent can petition that ERT be dispatched to a particular crime scene and his/her superior would authorize such dispatch.  However, Special Agent Robinson was not, and has never been, a member of an ERT Team; therefore, he has not received the specialized training that is provided to these teams.  Moreover, no ERT covered the Anita murder crime scene.  Hence, the Government would also submit that the training materials used to train ERT personnel would also not be relevant here.

Therefore, the Government respectfully requests that the Court limit request 42 to comport with its original intent.  The Government submits that the materials produced to the defendant provide the defense with a general guide to crime scene preservation, evidence collection and evidence handling sufficient to permit the defense to effectively cross-examine Special Agent Robinson at trial with regards to his performance on July 30, 2003, while investigating the murder of Michael Anita.

As stated in our Response to this Court's Order of August 27, 2013, (Dkt. No. 119), filed on this same date, the murder of Michael Anita was committed inside a cell, within the Special Housing Unit of USP Atwater.  Cell A121 measured approximately 8 feet by 5 feet.  The murder scene was videotaped and photographed.  This is hardly the type of complicated murder scene that would justify forcing the FBI to disclose law enforcement sensitive material.

The Government is also searching for the training materials used to train new agents in 2003 in crime scene preservation and evidence collection.  The Government requests an additional ten days to produce those training materials to the court, if they exist, for an in camera inspection.  These materials also are law enforcement sensitive, and the Government submits that their disclosure is not justified in this case.

WHEREFORE the United States respectfully requests that this Honorable Court reconsider its Order of August 27, 2013, as it relates to discovery request 42, and limit the discovery to be provided pursuant thereto to the documents that have already been produced by the Government.  The Government further requests an additional ten days to produce new agent training materials on crime scene preservation and evidence collection used to train new agents in 2003 to the court for an in camera inspection.

Respectfully submitted,

BENJAMIN B. WAGNER
United States Attorney

MYTHILI RAMAN
Acting Assistant Attorney General

Dated:  September 30, 2013                    s/*Jacabed Rodriguez-Coss*

JACABED RODRIGUEZ-COSS
Trial Attorney

CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2013, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

Respectfully submitted,

*/s/ Jacabed Rodriguez-Coss*
JACABED RODRIGUEZ-COSS
Trial Attorney