THE HONORABLE JOHN C. COUGHENOUR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. CR12-0072-JCC-GSA |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| SAMUEL STONE, | |
| Defendant. | |

This matter comes before the Court on Defendant Samuel Stone's motion for an extension of time to file additional motions to dismiss and to strike the death penalty. (Dkt. No. 110.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I.     BACKGROUND

This is a death penalty case. Defendant Samuel Stone is accused of murdering his cellmate in July 2003. The indictment and notice of intent to seek the death penalty were filed in March 2012. On February 22, 2013, the Court set September 9, 2013, as the date by which Defendant was directed to file its motions to dismiss and to strike the death penalty. (Dkt. No. 56 at 2.) It set October 9, 2013, as the date by which the government's opposition was due. (*Id.*)

On September 9, 2013, Defendant filed several motions to dismiss and motions to strike, (Dkt. Nos. 111–15), as well as the motion for an extension of time at issue in this Order. (Dkt.

No. 110.) The government never filed a motion for an extension of time to file a response to that motion. However, on October 10, 2013, the government filed a late response, (Dkt. No. 126), with no showing of good cause or explanation as to why the response was delayed. On October 15, 2013, Defendant filed a reply. (Dkt. No. 127.)

## II.     DISCUSSION

Defendant Samuel Stone argues that because discovery litigation is not complete, he is unable to file all the motions "he anticipates filing relating to the government's nearly nine-year delay in charging the case, relating to the spoliation of evidence and relating to the non-statutory aggravator of 'future dangerousness.'" (Dkt. No. 110 at 3.) The government protests, arguing that it is "disingenuous" for Defendant to argue that he cannot meet the established deadline. (Dkt. No. 126 at 2.) The government emphasizes that the Court has established a deadline by which Defendant's motions to dismiss should be filed, and Defendant should be obliged to live by that deadline. (*See id.* at 3.) After all, the government argues, Defendant "was afforded sufficient time to file" the relevant motions. (*Id.* at 4.)

A motion for an extension of time to file a motion is due "not later than the last date set by the Court for the filing of motions." E.D. Cal. Local Cr. R. 430.1(f). Generally, unless otherwise ordered by the Court, opposition to a party's motion in criminal court is due seven days after the original motion has been filed. *Id.* at 430.1(d). Here, Defendant Samuel Stone filed his motion for an extension of time on September 9, 2013, the last day he could have filed for an extension of time. Thus, the motion was properly before the Court.

The government's response was due on September 16, 2013, a week after Defendant's response. E.D. Cal. Local Cr. R. 430.1(d). As Defendant notes, "arguments not timely presented" are ordinarily "deemed waived." *Boardman v. Estelle*, 957 F.2d 1523, 1535 (9th Cir. 1992). In addition, however, the Court cannot take the government's arguments demanding that Defendant comply with the "established deadline" seriously when the government made those arguments in a document filed more than three weeks late. Indeed, the government has demonstrated a cavalier

attitude towards obeying deadlines[1] and other procedural requirements,[2] and thus its demand that the Court refuse to grant Defendant an extension of time after a timely motion is audacious at best. The inability of the attorneys representing the United States to obey court orders and deadlines has significantly lowered their credibility with the Court. Counsel are forewarned that the Court is seriously considering an order to show cause why government counsel should not be held in contempt for their flagrant disregard of the Court's orders.

The Court has considered the remainder of the government's arguments, and finds them meritless.

### III.  CONCLUSION

For the foregoing reasons, Defendant's motion for an extension of time (Dkt. No. 110) is GRANTED. The government is DIRECTED to comply with deadlines in the future, and to carefully read and comply with Court orders.

DATED this 21st day of October 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] In 2013 alone, the government filed untimely documents on January 7, 2013, (Dkt. No. 39); January 9, 2013, (Dkt. No. 41); August 22, 2013, (Dkt. No. 105); September 30, 2013, (Dkt. No. 120); October 4, 2013, (Dkt. No. 122); and October 10, 2013, (Dkt. No. 126). In none of those cases did the government offer an excuse or show good cause for the late filings.

[2] In 2013 alone, the government filed a deficient proposed protective order on March 4, 2013, (Dkt. No. 61); filed a deficient notice of FRE 404(b) evidence on June 3, 2013, (Dkt. No. 87); and filed a response to Defendant's discovery motion on June 28, 2013, (Dkt. No. 97), that was deficient in a number of ways.