THE HONORABLE JOHN C. COUGHENOUR

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. CR12-0072-JCC |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PARAGRAPH |
| v. | |
| SAMUEL STONE, | |
| Defendant. | **DEATH PENALTY CASE** |

This matter comes before the Court on Defendant Samuel Stone's unopposed motion to strike a paragraph from the government's notice of intent to seek the death penalty. (Dkt. No. 112.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

**I.     BACKGROUND**

On March 22, 2012, the government submitted a Notice of Intent to Seek the Death Penalty, (Dkt. No. 3). In addition to explicitly listing non-statutory aggravating factors under 18 U.S.C. § 3593(a)(2), the United States included a paragraph stating that

> The United States further gives notice that, in support of the imposition of the death penalty, in addition to evidence of the above-listed aggravating factors, it intends to rely upon all the evidence admitted by the Court at the guilt phase of the trial and the offenses of conviction as alleged in the Indictment as they relate to the background and character of the defendant, SAMUEL STONE, his moral

    culpability, and the nature and circumstances of the offenses charged in Counts One and Two of the Indictment.

(Dkt. No. 3, at 4.)

On March 18, 2013, Stone moved to force the government to provide the "facts . . . [that] fall within the government's assertion that it will rely on 'all the evidence admitted by the Court at the guilt phase of the trial' to demonstrate that Mr. Stone's background and character are such that he should be put to death." (Dkt. No. 66, at 12.) In ruling on Stone's motion, the Court noted that the paragraph at issue indicated that the government intended to "produce (1) evidence of the aggravating factors of which it has given notice, *and* (2) evidence of four *additional* aggravating factors: (a) unsympathetic background, (b) bad character, (c) moral culpability, and (d) egregious nature and circumstances of the offense." (Dkt. No. 86 at 11.) However, the Court noted that Stone had, in his motion for a bill of particulars, "advance[d] a reason for striking the final paragraph of the notice of intent as a reason to order the Government to produce an informational outline as to that paragraph." (*Id.* at 12.) Thus, "[b]ecause the relief requested d[id] not correspond to the grounds for the objection," the Court denied Stone's request. (*Id.*) However, the Court ordered the government "to consider striking [the] paragraph itself," and noted that if it did not, "the Court will seriously consider a future motion by Stone to strike it." (*Id.*)

The government chose not to strike the paragraph. However, Stone moves to strike it. (Dkt. No. 112, at 4–5.) The government failed to respond to Stone's motion.

## II.    ANALYSIS

18 U.S.C. § 3593(a) requires the government serve a notice "setting forth the aggravating factor or factors that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death." "A capital sentencing scheme must . . . provide a 'meaningful basis for distinguishing the few cases in which [the penalty] is imposed from the many cases in which it is not.'" *Godfrey v. Georgia*, 446 U.S. 420, 427 (1980) (quoting *Gregg v. Georgia*, 428 U.S. 153, 188 (1976)). Part of a State's responsibility in preventing arbitrary and capricious

1  application of the death penalty "is to define crimes for which death may be the sentence in a
2  way that obviates 'standardless [sentencing] discretion.'" *Id.* at 428 (quoting *Gregg*, 428 U.S. at
3  196 n.47). In *Godfrey*, the Supreme Court held that finding a murder to be "outrageously or
4  wantonly vile, horrible and inhuman" as an aggravating factor, resulted in the "standardless and
5  unchanneled imposition of death sentences in the uncontrolled discretion of a basically
6  uninstructed jury." *Id.* at 428–29.

7      Here, to the extent the relevant paragraph sets out additional aggravating factors, it does
8  not state them with sufficient clarity. The factors are unconstitutionally vague, as Stone's "moral
9  culpability," his "background and character," and the "egregious nature and circumstances of the
10 offense" are described in insufficient detail, just as the outrageously vile standard was
11 insufficiently defined in *Godfrey*. *See id.* at 428. In any case, by failing to respond to Stone's
12 motion, the government has waived any arguments it might have for keeping the paragraph.
13 "[A]rguments not timely presented" are ordinarily "deemed waived." *Boardman v. Estelle*, 957
14 F.2d 1523, 1535 (9th Cir. 1992).

15     For the foregoing reasons, Defendants motion to strike, (Dkt. No. 112) is GRANTED.
16 The relevant paragraph in the government's notice of intent to seek the death penalty, (*see* Dkt.
17 No. 3, at 4), is hereby STRICKEN.

18     DATED this 3rd day of November 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE