**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMUEL STONE,<br><br>    Defendant. | **12-cr-0072 JCC-GSA**<br><br>**ORDER RE: GOVERNMENT'S MOTION FOR RECONSIDERATION**<br><br>**(Doc. 120)** |

### I. Introduction

On August 27, 2013, this Court issued a Discovery Order regarding three of Defendant's Discovery Motions (hereinafter, "discovery order"). (Doc. 34, 78, 95, and 106). On September 30, 2013, the United States of America (hereinafter, "the United States" or "the government") filed a Motion for Reconsideration of the discovery order.[1] (Doc. 120). No opposition was filed by Defendant. Upon a review of the pleading, the Court will clarify its prior order. (Doc. 106).

---

[1] The Court notes that any Motions for Reconsideration of the discovery order were to be filed no later than September 20, 2013, which would render the government's motion untimely filed. (Doc. 109). However, although this document is entitled a Motion for Reconsideration, a review of the motion reveals that this is a response to, and a request for clarification of, the discovery order requiring that the United States provide certain training materials in response to Defendant's Discovery Request No. 42. Therefore, the Court will consider the motion as a request for clarification. The Court takes note, however, of the government's pattern of filing untimely motions and deficient responses as outlined in Judge Coughenour's order dated October 21, 2013 (Doc. 129).

## II. Discussion

At issue here is request (42) raised in Defendant's Motion to Compel Discovery which requested the following information :

> (42) Any and all documents or electronically stored information, reports, communications or writings describing the training on crime scene preservation and the gathering of evidence of the FBI agents and/or BOP employees, agents, or representatives who conducted the crime scene investigation into the death of Michael Anita up to the date and the time of the Anita homicide.

This Court's order required the United States to "conduct a diligent search and produce any responsive documents that are found. Any policies, manuals or training materials regarding the preservation/collection of evidence that were in effect at the BOP and/or the FBI at the time of the murder, during the investigation, and at the time any evidence was destroyed must be produced. Production of the material is required whether or not officers or agents relied on these policies and protocols in conducting the investigation." (Doc. 106, pg. 15). These materials were ordered to be produced, or alternatively, a response filed by the government, no later than September 30, 2013.

On September 30, 2013, the government filed its response advising the Court that it provided the Defendant with the 2007 FBI Handbook on Forensic Services,[2] which is available on the FBI public website. The government also indicated that it had located a hardcopy of the 2003 FBI Handbook on Forensic Services which would be forwarded to Defendant no later than October 2, 2013. To date, it is unclear whether the 2003 Handbook was delivered to Defendant. As such, within ten (10) days of the filing of this order, the United States shall advise the Court whether this handbook was delivered to defense counsel.

Additionally, the government asserts that there are two other manuals that may be responsive

---

[2] The United States also forwarded a copy of the 2007 FBI Handbook of Forensic Services to chambers.

2

to the Court's order : 1) a manual outlining procedures for the collection of evidence in bomb cases, and 2) materials used by Evidence Response Teams ("ERT"), which are teams that receive specialized training in the area of evidence collection and are reserved for special cases.  The United States contends that it should not be required to release these manuals since ERT teams were not called upon in this case, nor have the FBI agents involved in this case ever participated in the specialized ERT training. Similarly, the government argues that the manuals which relate to the collection of evidence in bomb cases would not be relevant here.

The Court agrees with the government's interpretation.  It was not the Court's intent to require the production of *every* manual in the FBI's possession during the relevant time period, but only documents *responsive* to Defendant's request.  Doc. 109, pg. 15, line 4-5.  More specifically, only training manuals that would be relevant to the collection/preservation of evidence utilized in a murder investigation of this nature shall be produced.  Given that this case did not involve a bombing, these training manuals are not relevant here.  Similarly, ERT training materials would not be relevant since ERT was not involved in this case, and the government represents that none of the FBI officers involved in this murder investigation have received ERT training.[3]

Finally, the Court notes that the United States indicated that it was searching for a training manual used to train new FBI agents in 2003 in crime scene preservation and evidence collection.  The government indicated that the manual would be produced for an *in camera* inspection within ten (10) days if such training manual could be located.  To date, no additional documents have been received by the Court, and it is unclear whether this information was provided to defense counsel.  Accordingly, within ten (10) days of the filing of this order, the government shall advise the Court whether this manual was located and whether a copy of it was delivered to defense

---

[3] The Court notes that Defendant has not challenged the government's representation regarding the ERT manuals.

counsel.  If it was not located, the United States shall outline what attempts were made to locate the manual.  If an *in camera* inspection is required, the manual shall be provided to the Court within ten (10) days of the filing of this order.  Any material provided to the Court for an *in camera* inspection shall be Bates stamped so the record clearly identifies what documents the court has reviewed, and subsequent rulings can reference the documents with specificity.  Government counsel is advised that failure to timely comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **November 8, 2013**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE