THE HONORABLE JOHN C. COUGHENOUR

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>SAMUEL STONE,<br><br>          Defendant. | CASE NO. CR12-0072-JCC<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT TWO<br><br>**DEATH PENALTY CASE** |

This matter comes before the Court on Defendant's motion to dismiss Count Two from the Indictment, on the grounds that convictions under both Count One and Count Two would violate double jeopardy. (Dkt. No. 113). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

**I.      BACKGROUND**

Defendant Stone is accused of murdering Michael Anita. At the time of the alleged murder, Defendant and Anita were cellmates incarcerated together in the Special Housing Unit at USP Atwater, a federal prison. Defendant was indicted for murder by a federal prisoner serving a life sentence, in violation of 18 U.S.C. § 1118, and federal first-degree murder, in violation of 18 U.S.C. § 1111.

Defendant moves to dismiss the federal first-degree murder charge under § 1111, arguing that it does not require proof of any facts beyond those that would be proved by a conviction under § 1118, and so a conviction under both sections would violate the Double Jeopardy Clause. The government filed a response, and Defendant replied.

## II.   DISCUSSION

"The Fifth Amendment guarantee against double jeopardy protects not only against a second trial for the same offense, but also 'against multiple punishments for the same offense.'" *Whalen v. United States*, 445 U.S. 684, 688 (1980) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (overruled on other grounds)). A defendant may not be convicted of two offenses unless each requires proof of a fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). "When a defendant has violated two different criminal statutes, the double jeopardy prohibition is implicated when both statutes prohibit the same offense or when one offense is a lesser included offense of the other." *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008). "[A] lesser included offense, which by definition 'requires no proof beyond that which is required for conviction of the greater,' is the 'same' for purposes of double jeopardy as any greater offense in which it inheres." *United States v. Jose*, 425 F.3d 1237, 1241 (9th Cir. 2005) (*quoting Brown v. Ohio*, 432 U.S. 161, 168 (1977)). In the Ninth Circuit, "the jurisdictional element of a statute like § 2111[1] must be given substantive weight in making the *Blockburger* analysis." *United States v. Hairston*, 64 F.3d 491, 496 (9th Cir. 1995) (footnote added). To the extent Defendant argues that the jurisdictional element in § 1111 is not an element of the crime, the Court finds that *Hairston* precludes such a finding.

Defendant here argues that 18 U.S.C. § 1111 is a lesser included of 18 U.S.C. § 1118, and thus the § 1111 charge must be dismissed. Because the jurisdictional element of § 1111 counts as an element of the crime, the question presented is whether § 1111's requirement that the crime

---

[1] 18 U.S.C. § 2111 is a robbery statute with a jurisdictional requirement identical to that of 18 U.S.C. § 1111.

occur "[w]ithin the special maritime and territorial jurisdiction of the United States," is included within any of § 1118's elements. *Cf. Davenport*, 519 F.3d at 943 (stating it is impossible to receive an item without possessing it).

### A. § 1118's Definition of Murder Does Not Include § 1111's Jurisdictional Requirement

Defendant argues that § 1118's definition of "murder" as "a first degree or second degree murder (as defined in section 1111)," 18 U.S.C. § 1118(b), expressly incorporates § 1111's jurisdictional requirement. However, § 1111 defines first-degree and second-degree murder in subsection (a), while the jurisdictional requirement is set out in subsection (b). Accordingly, the jurisdictional requirement is not contained in the portion of § 1111 referenced in § 1118(b)'s definition of murder.

### B. A Federal Correctional Institution is not Necessarily within the Special Maritime and Territorial Jurisdiction of the United States.

The remaining question is whether proof that a crime occurred in a "Federal correctional institution," as defined in 18 U.S.C. § 1118(b), automatically satisfies § 1111's requirement that the crime occur within the special maritime and territorial jurisdiction of the United States. If it does, then double jeopardy will bar conviction on both counts. "Special maritime and territorial jurisdiction of the United States" includes, in addition to other areas not relevant here,

> [a]ny lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building.

18 U.S.C. § 7(3). In the Ninth Circuit, "reserved or acquired for the use of the United States" is broadly defined, and "[t]here is no requirement that the United States be an owner, or even an occupant, so long as the land has been set aside for the use of an instrumentality of the federal government." *United States v. Corey*, 232 F.3d 1166, 1177 (9th Cir. 2000). The "exclusive or concurrent" jurisdiction language refers to legislative jurisdiction, *id.* at 1177, and "grants the

courts jurisdiction over those territories over which the government enjoys regulatory authority." *Id.* at 1178.

With respect to land that the United States takes or purchases from a state, it is "conclusively presumed that jurisdiction has not been accepted until the Government accepts its jurisdiction over land as provided in this section." 40 U.S.C. § 3112(c); *see also Adams v. United States*, 319 U.S. 312, 314 (1943) (holding that to gain exclusive or concurrent jurisdiction over land purchased or taken from a state after 1940, the government must explicitly accept jurisdiction). The only way for the United States to accept jurisdiction under § 3112 is for notice to be filed with the government of the state where the land was purchased. 40 U.S.C. § 3112(b). Under the statute, therefore, the United States government does not have exclusive or concurrent jurisdiction over land acquired from a state after 1940[2] unless it explicitly accepts jurisdiction by filing notice with the state.

Accordingly, it is at least theoretically possible for a murder to fall under 18 U.S.C. § 1118 that does not also fall under 18 U.S.C. § 1111. For such an event to occur, the United States would have to have: 1) acquired land or a property interest from a state after 1940; 2) not accepted jurisdiction over the land by filing a notice of acceptance with the state, resulting in a conclusive presumption against exclusive or concurrent jurisdiction under 40 U.S.C. § 3112(c); and 3) built a Federal correctional facility on that land. At that point, a murder committed by a prisoner serving a life sentence within that facility would satisfy the elements of 18 U.S.C. § 1118, but not those of 18 U.S.C. § 1111.

Accordingly, under the *Blockburger* test, proof that a murder occurred within the special maritime and territorial jurisdiction of the United States requires proof of a fact beyond proof

---

[2] The original version of 40 U.S.C. § 3112 was enacted in 1940, with a prospective requirement, meaning that pre-1940 acquisitions did not have the notice requirement. *See* 40 U.S.C. § 255 (2002) (current version at 40 U.S.C. § 3112); *see also United States v. Davis*, 726 F.3d 357, 364 (2d Cir. 2013).

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS COUNT TWO
PAGE - 4

1  that the murder occurred "within a Federal correctional facility."[3] As such, the double jeopardy
2  clause will not be violated if Mr. Stone is convicted of both crimes charged in the indictment.

3  **III.     CONCLUSION**

4      For the foregoing reasons, Defendant's motion to dismiss Count Two on double jeopardy
5  grounds (Dkt. No. 113) is DENIED.

6      DATED this 26th day of November 2013.

                                                John C. Coughenour
                                                UNITED STATES DISTRICT JUDGE

---

[3] The result is less problematic than it may first appear. Without deciding the issue at this time, as it has not been raised, Congress may have properly enacted 18 U.S.C. § 1118 under its proprietary jurisdiction, even if under some circumstances behavior illegalized by 18 U.S.C. § 1118 may fall outside the jurisdictional limits imposed by 40 U.S.C. § 3112. *See United States v. Bohn*, 622 F.3d 1129, 1133–34 & n.3 (9th Cir. 2010) (Congress has power to pass legislation criminalizing certain behavior on federal property under its proprietary jurisdiction, even assuming the government does not have concurrent or exclusive jurisdiction over the property).