THE HONORABLE JOHN C. COUGHENOUR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR12-0072-JCC |
| Plaintiff, | ORDER |
| v. | |
| SAMUEL STONE, | |
| Defendant. | **DEATH PENALTY CASE** |

This matter comes before the Court on Defendant's motion to file an *ex parte* proffer under seal. (Dkt. No. 150.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS IN PART and DENIES IN PART the motion for the reasons explained herein.

I.    **BACKGROUND**

Defendant is accused of murdering Michael Anita, his cellmate at the time of the alleged crime. Because this is a death penalty case, the trial will be bifurcated, with a guilt phase and a penalty phase. Defendant moves to impanel two juries, one for the guilt phase and one for the penalty phase, (Dkt. No. 149), arguing—at least in part—that because certain evidence of Defendant's prior bad acts has been excluded from the guilt phase but not the penalty phase, (*see* Dkt. No. 116), unless the jury is bifurcated, Defendant will be unable to properly voir dire the penalty-phase jury about those acts without alerting the guilt-phase jury to them. Defendant also

1 makes additional requests related to that issue.

2     Defendant moves to supplement that motion with a proffer filed *ex parte* and under seal.

3 (Dkt. No. 150.) He wants to make arguments that will reveal his trial strategy, but does not want

4 to disclose that strategy to the government. The government opposed Defendant's motion in a

5 document emailed to the Court and Defendant, but did not actually file its response on

6 CM/ECF.[1] Defendant replied. (Dkt. No. 157.)

7 **II.    DISCUSSION**

8     As a preliminary matter, the parties are DIRECTED to file all future motions, responses,

9 replies, and similar documents on the Court's docket, via CM/ECF. Because Defendant had

10 timely notice of the government's response and the arguments contained therein, and the Court

11 timely received the document, the Court will consider it. However, in the future, the Court will

12 not consider documents that have not been properly filed. Proper filings facilitate the work of the

13 attorneys and the Court and allow for effective appellate review, should such review be

14 necessary.

15     As both parties agree, there is a general presumption that documents filed in criminal

16 cases should be available to the public. (Ex. A, at 2–3; Dkt. No. 157, at 2–4.) In this case,

17 however, those concerns are weaker: to the extent there is still a desire to make the documents

18 publicly available after the trial has concluded, a renewed application to unseal the documents at

19 that time may mitigate those concerns. Moreover, the government "lacks third-party standing to

20 assert" the public's right of access to documents filed within the Court. *United States v. Hickey*,

21 185 F.3d 1064, 1066 (9th Cir. 1999). "The government is the prosecutor, not a third party whose

22 sole interest in the litigation is access to documents." *Id.* In any case, given the privilege issues

23 involved, the Court finds that Defendant's interest in keeping his case strategy private is

24 significant enough to outweigh the public's interest in immediate access to the documents.

25

26     [1] The Court attaches the government's response as Exhibit A to this Order, to ensure that
the response is a part of the record.

1        However, that is not the only concern raised by the government: if the Court allows

2  Defendant to file a document *ex parte*, the government argues that it will be unable to effectively

3  respond to Defendant's arguments. Accordingly, the remaining question is whether Defendant's

4  interest in being able to effectively argue for a bifurcated jury while not waiving his work-

5  product privilege outweighs the government's interest in effectively responding to Defendant's

6  arguments.

7        Defendant's interests arise out of his Sixth Amendment rights to the effective assistance

8  of counsel and to a trial by an impartial jury: should the Court disallow the *ex parte* offer,

9  counsel will not be able to both effectively make every available pretrial argument on behalf of

10  Defendant to ensure that he is tried by an impartial jury, and effectively pursue his trial strategy.

11  *Cf. Bittaker v. Woodford*, 331 F.3d 715, 723 (9th Cir. 2003) ("[R]equiring petitioner to enter

12  such a broad waiver would force him to the painful choice of, on the one hand, asserting his

13  ineffective assistance of counsel claim . . . and, on the other hand, retaining [] privilege but give

14  up his ineffective assistance claim."). Of course, in *Bittaker*, the Ninth Circuit found that the

15  petitioner *had* waived his privilege, if narrowly, and the equivalent of a "taint team" was

16  designated: "[t]he district court entered a protective order precluding the use of the privileged

17  materials for any purpose other than litigating the federal habeas petition, and barring the

18  Attorney General from turning them over to any other persons or offices, including, in particular,

19  law enforcement or prosecutorial agencies." *Id.* at 717. Defendant also notes that criminal

20  defendants are generally allowed to request subpoenas, and submit motions for funding, *ex parte*.

21  (Dkt. No. 157, at 7.)

22        The government's concerns arise out of the adversarial structure of our justice system,

23  and a sense of fairness: that "if you want to litigate [a] claim, then you must waive your privilege

24  to the extent necessary to give your opponent a fair opportunity to defend against it." *Bittaker*,

25  331 F.3d at 720.

26        The Court concludes that a taint team is necessary. While denying Defendant's request

ORDER
PAGE - 3

outright would result in an overly broad waiver of privilege, which might constitute an abuse of discretion, *see id.* at 728 (stating that the district court would have abused its discretion had it failed to enter a protective order), the Court is unwilling to address Defendant's arguments without the benefit of adversarial briefing, as Defendant's motion involves legal arguments unique to this case. Within one week of the date of this Order, assuming Defendant still wants to supplement his motion, Defendant should submit a proposed protective order concerning the *ex parte* proffer. The government's taint team should be ready at that time.

**III.    CONCLUSION**

For the foregoing reasons, Defendant's motion to file an *ex parte* proffer concerning his previous motion (Dkt. No. 150) is GRANTED IN PART and DENIED IN PART.

DATED this 12th day of December 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE