**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL STONE,<br><br>Defendant. | **12-cr-0072 JCC-GSA**<br><br>**ORDER RE: DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>**(Doc. 152)** |

**I.    Introduction**

On December 4, 2013, Defendant, Samuel Stone ("Defendant") filed a Motion for Reconsideration of this Court's order issued on November 20, 2013. (Docs. 143, 152). On December 6, 2013, the United States ("the government") filed an opposition. (Doc. 153). On December 13, 2013, Defendant filed a reply. (Doc. 161). There appears to be some confusion about the discovery process in this case. Accordingly, the Court will clarify the meaning of its order issued on November 20, 2013. (Doc. 143). However, the Defendant's Motion for Reconsideration with regard to discovery requests numbered (66) and (67) is denied as premature in light of the Court's clarification as set forth below.

## II.     Relevant Procedural History and Clarification

As the parties are aware, it is and always has been the Court's intention to phase the discovery in this matter so that disputes can be narrowed and resolved in the most efficient way possible. On August 27, 2013, this Court issued a discovery order addressing three of Defendant's Motions to Compel. (Doc. 34, 78, 95 and 106). In this discovery order, the government was directed to provide certain materials to the Defendant in response to various discovery requests. The Court also ordered that the government provide documents to the Court, or file explanations outlining why certain information was too burdensome to produce, and what attempts it made to locate materials it claimed did not exist. (Doc. 106, pgs. 8-9, 11-13, 15-16, and 18-19). The Court set a deadline of September 30, 2013 for the government to comply with the above orders. Pursuant to the Defendant's request, the Court also set a discovery deadline of December 31, 2013 to allow Defendant time to review the government's responses, as well as to review the materials the government provided to him.[1] (Doc. 106, pg. 19, lines 18-26). If the Defendant believed that the government's responses or material were inadequate, he could file a supplemental discovery motion by the December 31, 2013 deadline. Similarly, Defendant is entitled to file a discovery motion addressing new discovery issues not previously raised.

On November 8, 2013, the Court issued a Supplemental Discovery order indicating that the government had not complied with the Court's August 27, 2013 order requiring the United States to respond to certain discovery requests by the date of September 30, 2013.[2] (Doc. 136). Specifically, the Court ordered the government to file responses to discovery requests numbered

---

[1] In the August 27, 2013 discovery order, the Court noted that Defendant had requested that he have ninety days to request supplemental discovery, as well as an additional thirty days to file a formal discovery motion if the government's responses were inadequate. (Doc. 106, pg. 19, lines 18-26). The Court agreed that Defendant should be given more time to file additional discovery motions, but that the four months requested was excessive. The Court set December 31, 2013 as the deadline to file discovery motions.

[2] In the order, the Court presumed that the government's failure to comply was because of a pending Motion for Reconsideration of this Court's August 27 order pending before Judge Coughenour. (Doc. 136, pg. 2, n. 2).

(6), (11), (13), (14), (15), (66), (67), (m), (p) ,(u), and (v) no later than December 9, 2013. (Doc. 136, pg. 3, lines 4-13).

On November 19, 2013, the government filed several motions requesting clarification regarding a number of issues. (Docs. 139, 140, 141). At issue here is the Government's Motion for Reconsideration (Doc. 140) wherein the government advised the Court that it had filed a response on September 30, 2013. (Doc. 119). It reiterated its responses filed on September 30, and requested clarification as to what else, if anything, the Court was requiring. (Doc. 140). The Court re-reviewed the docket and noted the Defendant had in fact filed responses on September 30. Accordingly, on November 20, 2013, the Court issued an order advising the government that the responses were sufficient and the orders were discharged. (Doc. 143). The Court discharged the prior discovery orders with regard to the requests listed above to acknowledge the government's filings, and to advise the parties that this phase of discovery was completed. The Court did not, however, grant or deny Defendant's underlying discovery requests as the discovery process itself was not completed. No response to the government's Motion for Reconsideration was needed from Defendant because the Court had already set the December 31, 2013 deadline for Defendant to review materials received and raise any unresolved discovery disputes at that time. Accordingly, the Court's November 20 order does not relieve the government from complying with any of this Court's prior discovery rulings, nor has the Court discharged the government's ongoing discovery obligations under *Brady, Giglio, Jencks*, or the Federal Rules of Criminal Procedure.

Although the Court is perplexed by the Defendant's confusion given the circumstances under which the Court issued the order, and the fact that Defendant requested the two phase discovery process in the first instance, the Court acknowledges that the Court's November 20th order is subject to different interpretations. However, rather than filing a neutrally worded motion for

3

clarification, the Defendant opted to file a motion which not only reflects a fundamental misunderstanding of this Court's Nov 20, 2013 ruling, but unfortunately includes unnecessary and demeaning assertions directed at this Court. (Doc. 152, pgs. 2-3, 10-12 and Doc. 161, pg. 13 lines 1-6 ). Unprofessional and unfounded accusations of constitutional violations are, at a minimum, troubling.  Having said this, counsel can rest assured that these misguided claims will not deter this Court from continuing its ongoing efforts to fairly and justly resolve ongoing disputes between counsel.  With this in mind, counsel for both sides are urgently and emphatically reminded that although zealous advocacy is expected, such advocacy has its ethical boundaries. As such, zealous advocacy must always be tempered with a view toward the overarching responsibility counsel has to act with the highest degree of professionalism.  This includes not only giving due respect to the Court, but treating each other with respect, and most importantly, respecting the judicial process we all serve.  Counsel must adhere to this directive even when emotionally charged issues are present as in this case.

  The Court intends to rule on all of the remaining unresolved discovery disputes in one order. Therefore, this Court will delay ruling on Defendant's motion regarding requests (66) and (67), until any remaining discovery motions are filed by the December 31, 2013 deadline. Accordingly, no hearing with regard to requests (66) and (67) will be held at this time.  If a discovery motion is filed on or before December 31, 2013, the Court will set deadlines for the filing of an opposition and a reply. A hearing will be scheduled if the Court determines one is necessary. Any discovery motion filed on or before December 31, 2013 need not repeat arguments already raised and responded to regarding requests (66) and (67) in Defendant's Motion for Reconsideration.  However, any other unresolved disputes must be identified by Defendant in the discovery motion filed by the December 31, 2013 deadline.[3]  If an issue is not

---

[3] The parties are also advised that the government has supplied defendant with the declaration of Warden Wiley

4

raised in that motion, the Court will presume the disputes have been resolved by the parties.

**III.   Conclusion**

Based on the above, it is hereby ordered that Defendant's Motion for Reconsideration IS DENIED as follows:

1) This Court's November 20, 2013 order is clarified as set forth above, and

2) Defendant's Motion for Reconsideration is denied as premature in light of the Court's clarification.  The briefing submitted by the parties with regard to discovery requests (66) and (67) will be considered by the Court following the December 31, 2013 deadline.

IT IS SO ORDERED.

Dated:   **December 20, 2013**                    **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE

---

of USP administrative Maximum ("ADX"), dated May 11, 2009.  The government has also provided the Court with additional information regarding Range 13. (Doc. 158).   Both items relate to request (a) of Defendant's Motion to Compel filed on April 22, 2013. (Doc. 78, at pg. 2).  Defendant is advised that any concerns related this material must be included in any discovery motion filed by the December 31, 2013 deadline.