THE HONORABLE JOHN C. COUGHENOUR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMUEL STONE,<br><br>    Defendant. | CASE NO. CR12-0072-JCC<br><br>ORDER<br><br><br><br>**DEATH PENALTY CASE** |

    This matter comes before the Court on several motions related to case management deadlines and other administrative issues. The Court will address each motion sequentially.

    On October 21, 2013, the Court granted Defendant's motion for an extension of time to file a motion to dismiss. (Dkt. No. 129.) Defendant now requests clarification regarding the deadline for filing that motion. (Dkt. No. 164). Defendant's motion for clarification, (Dkt. No. 164), is hereby GRANTED. Defendant's motion to dismiss will be due February 28, 2014, unless good cause is shown to extend that deadline. The government's response will be due March 28, 2014, and Defendant's reply will be due April 25, 2014.

    The government filed a motion for an extension of time for its expert disclosures. (Dkt. No. 167.) Specifically, while the Court's scheduling order specified that the government's expert disclosures were due June 13, 2013, the government asks for an extension of time until January 31, 2014. The government states that Defendant does not oppose this request. (Dkt. No. 167, at

2.) Defendant states that he does not oppose the government making the request, as he will not be prejudiced by the delay, but he believes the request itself to be deficient. (Dkt. No. 173.) This motion was made more than six months after the disclosures were due, and is, accordingly, untimely. E.D. Cal. Local Cr. R. 430.1(f). Moreover, the government's motion states only that it has consulted an expert, would like to call the expert as a witness, and that it will turn over the expert's report as soon as it is received, but does not "specifically set[] forth the basis for the requested extension." *Id.* However, because Defendant has not been prejudiced, the government's motion, (Dkt. No. 167), is hereby GRANTED. In the future, motions for an extension of time must comply with E.D. Cal. Local. Cr. R. 430.1.

In combination with his motion for clarification, Defendant requests that he be allowed to file the declaration of Alexandra Negin, one of Mr. Stone's attorneys, under seal. (Dkt. No. 165.) The government does not oppose this request. The documents that Mr. Stone seeks to file under seal are protected by attorney-client privilege, and constitute his attorneys' work product. Accordingly, they are not subject to the presumption of public access. *See Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012). Mr. Stone's request, (Dkt. No. 165), is GRANTED, and the Clerk is directed to file the declaration under seal and note in the docket entry that it is related to Defendant's request for clarification. (Dkt. No. 164.)

Defendant also requests leave to submit a revised proffer under seal, in support of his previous motion regarding the guilt and penalty phases of the trial. (Dkt. No. 166.) Defendant's request, (Dkt. No. 166), is GRANTED, as it implicates similarly privileged information. The Clerk is directed to file the revised proffer under seal and note in the docket entry that it is related to Defendant's December 2, 2013 motion regarding the number and order of anticipated trial phases and the jury selection process. (Dkt. No. 149.) Disclosure of the contents of that document will be governed by the protective order filed by this Court.

The Clerk is DIRECTED, pursuant to Local Rule 141 and this Court's previous order granting in part and denying in part Defendant's motion to submit a proffer under seal, (Dkt. No.

160), to return the original proffer to Defendant.

The Court will ADOPT Defendant's proposed protective order with some modifications. The modified protective order will be filed herewith. The modifications are as follows:

First, the Court designates Tracy Dayton, an Assistant United States Attorney in the District of Connecticut, as the government's taint attorney. The Court understands that Defendant is concerned about the disclosure of the protected communications to the prosecuting attorneys in this case. But the Court will not assume that the government attorneys will violate the Court's protective order. The government is already on notice that further violations of the Court's orders may result in a finding of contempt or other consequences, (Dkt. No. 129.), and is independently aware of the importance of complying with protective orders. For similar reasons, the Court will not bar all attorneys at the United States Attorney's Office for the District of Connecticut from serving on the taint team. The fact that Ms. Dayton sits on the Attorney General's Capital Review Committee does not disqualify her.

Moreover, Defendant requests *both* that the taint team not be drawn from any "office or unit . . . affiliated with the prosecution" of Mr. Stone, (Dkt. No. 168, at 2), *and* that the taint team and the prosecuting attorneys work under the same superior—and thus, presumably, in the same office. (*See* Dkt. No. 175, at 3.) The Court does not see how any attorney would be able to satisfy Mr. Stone's proposed requirements. Plainly, Mr. Stone does not want the government to be able to have a taint team at all. However, the decision to file the proffer under seal was Mr. Stone's. Up until the proffer is tendered to the taint team, the Court grants Mr. Stone the opportunity to withdraw it and to rely solely on materials not under seal to make his argument.

Second, the Court adopts the government's suggestion that the recorded communications be reviewed by the Court, rather than Defense Counsel. The Protective Order is being issued by the Court, and the Court will enforce it. Moreover, the Court finds that the prosecuting team and the taint team need only record those communications that are related to this case.

Third, if at some point in the future the relevant information is unsealed, the Court

reserves the right to release the parties from the protective order at that time.

Finding good cause, the Court GRANTS the government's request for an extension of time to file a response to Defendant's motion for two juries. (Dkt. No. 169.) The response date, previously set for January 2, 2014, is hereby extended until January 16, 2014.

Finding good cause, Defendant's similar motion for an extension of time to file responses to the government's motion, (Dkt. No. 174), is GRANTED. The response date, previously set for January 2, 2014, is hereby extended until January 16, 2014.

DATED this 8th day of January 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE