THE HONORABLE JOHN C. COUGHENOUR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAMUEL STONE,<br><br>　　　　　　Defendant. | CASE NO. CR12-0072-JCC<br><br>PROTECTIVE ORDER<br><br><br><br>**DEATH PENALTY CASE** |

This order will control the government's access to information provided in, or derived from, the proffer of defense strategy Defendant has lodged in support of his motion for separate guilt and penalty phase juries, (Dkt. No. 149) ("the motion"), and the litigation of the motion. The Court finds that the proffer contains the opinion work product of Defendant's counsel and therefore must be protected from disclosure to the government in the following ways:

**1.　　Taint Team.**

　　　　a.　　For purposes of this order, "the government" means each attorney, law enforcement officer, Bureau of Prisons personnel, their agencies and the staff who assist them, who have worked, or may in the future work on behalf of the United States on any aspect of this case other than responding to Mr. Stone's motion. The purpose of defining "the government" is to establish who may not have access to information contained in or derived from Defendant's proffer and related privileged information that emerges in the course of litigating the motion.

  b. In order to provide the Court with adversarial briefing on Mr. Stone's motion for two juries, the Court is designating a team of prosecutors to review the motion and supporting materials and file a brief in response. This "taint team" shall be composed of Assistant United States Attorney Tracy Dayton, of the United States Attorney's Office for the District of Connecticut. The taint team will represent the United States solely for purposes related to Mr. Stone's motion for two juries. No member of the taint team may have worked on behalf of the United States in any other capacity in this case in the past, and members of the taint team may not work on the case in any other capacity in the future.

 **2.** **Firewall Procedures.**

  a. Each member of the taint team shall receive, read and follow this order. If any member of the taint team becomes aware of a breach of this order, or an attempt to breach this order, that person shall immediately notify the Court and defense counsel.

  b. Within seven days of this order being filed, the government shall provide the taint team with all information the government believes is necessary to understand the issues in, and respond to Defendant's motion for two juries. Seven days later, i.e. 14 days after the issuance of this order, the Court will provide the proffer to the taint team. The purpose of this provision is to enable the taint team to review background materials and ask questions of the government without the risk of those questions revealing defense strategy contained in the proffer.

  c. No information contained in the proffer or derived from it, or from any reply filed by Mr. Stone, or from any hearing on the motion shall be revealed to anyone outside the taint team at any time unless on prior order of this Court entered on 30 days' notice and after giving Defendant an opportunity to be heard.

  d. After disclosure of the proffer, any communications between the taint team and the government related to this case shall be in one of two forms: (1) the communication may be in writing, including email; (2) the communication may be by pre-arranged telephone or

video conference provided the taint team arranges in advance to have a court reporter present and the reporter makes a complete record of the call or conference. The taint team shall be responsible for preserving all communications between itself and the government that relate to this case. After the Court rules on Mr. Stone's motion for two juries, any written communications shall be printed on paper, sealed in an envelope, served on the Court, and filed unopened as a sealed event on the docket of this case. Any telephone or video conference call shall be either transcribed or the recording duplicated and the transcript or recording shall be served on the Court and filed under seal. The Court will review the communications to determine if there has been a violation of this Order.

    e. The taint team shall not publicly file a response or any other document that reveals any information contained in or derived from the proffer, any reply or any hearing on the motion for two juries. In the event the taint team believes it is necessary to address, directly or indirectly, information from the proffer, it shall file its response under seal. In the event the Court conducts a hearing on Defendant's motion, the taint team will represent the United States, the government will be excluded from participation, the hearing will be closed to the public, and the transcript will be sealed.

    f. After the parties have submitted the motion for adjudication, there shall be no further communication between members of the taint team and the government regarding this case. No member of the taint team may assist in the prosecution of this case or assist in any appeal, post-conviction review or clemency process.

  **3.** **Ongoing Enforcement.** This order will remain in effect throughout the trial and through any appellate and post-conviction litigation of this case, or until this Court issues an Order unsealing all protected information and decides that the protective order is no longer necessary.

//

//

1  DATED this 8th day of January 2014.

　

　

　

　

　

　

　

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　John C. Coughenour
　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE