# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATE OF AMERICA, | **12-cr-0072 JCC-GSA** |
| Plaintiff, | **ORDER AFTER JANUARY 8, 2014 STATUS CONFERENCE REGARDING DISCOVERY** |
| v. | |
| SAMUEL STONE, | |
| Defendant. | |

On January 8, 2014, a status conference and a meet and confer session was held regarding the discovery in this case. Jacabed Rodriguez-Coss and Michael Frye personally appeared on behalf of the United States ("the government"). Donald Knight, Alexandra Negin, and Tivon Shardl personally appeared on behalf of Defendant. The Defendant, Samuel Stone's appearance was waived.

To facilitate the resolution of the final discovery issues in this case, the parties are ordered to continue to meet and confer regarding disputed items numbered (66) and (67) in the Defendant's Motion to Compel filed on December 7, 2012 (Doc. 34), as well as the new requests identified in Defendant's Motion to Compel filed on December 31, 2013. (Doc. 176). It is therefore ordered that no later than **January 17, 2014**, the United States shall serve Defendant

with a letter outlining its position regarding the items listed above.  Then, no later than **January 31, 2014**, the parties shall file a joint statement outlining the items that have been completely resolved.  Also, no later than **January 31, 2014**, the United States shall file a separate brief outlining its opposition to the requests that remain in dispute.  If the government agrees to provide documents at a later date with regard to any of the unresolved issues, the government shall identify a date by which that will occur. Government counsel is advised that it is not necessary to reiterate arguments that it already raised in its December 6, 2013 response (Doc. 153)  regarding requests (66) and  (67), other than to state what is perhaps no longer in dispute as a result on counsels' ongoing informal efforts to resolve these disputes.  However, the government's opposition shall also address Defendant's request for ongoing discovery that was contained in his December 31, 2013 motion. (Doc. 176, pg. 8, lines 22-23).  Defendant may file an optional reply to the government's opposition no later than **February 7, 2014**.  With regard to any disputed items, the parties shall provide the following :

    1)	Legal authority in support of their position.  For any disputed items, Defendant shall clearly establish that the requests are material.  If the government intends to object on the basis of materiality, it shall clearly articulate the reasons why. Similarly, if the United States believes the request is too burdensome, such claims must be submitted with legal authority, and when appropriate, with supporting affidavits or declarations.   Additionally, if the government represents that a document or other requested item cannot be located, is no longer in existence, or has been destroyed, then it must briefly describe what efforts it has made to obtain the requested information;

    2)	If the government asserts a privilege, it must clearly identify the privilege and set forth reasons why the privilege outweighs Defendant's right to disclosure.  Likewise, the Defendant must set forth specific reasons why the government's requested privilege should not be

sustained. The government must produce a privilege log identifying each document it seeks to protect and the precise privilege asserted. It shall also be prepared to produce the material for an *in camera* inspection if requested by the Court;

3) If the Defendant is requesting that the government provide unredacted copies of documents, defense counsel must clearly indicate why the redacted information is necessary and material. Conversely, the government must explain why the redactions are necessary and cite to relevant legal authority in support of its position. Additionally, the government must explain why a protective order will not suffice. The government shall be prepared to provide both the redacted and unredacted documents to the Court for an *in camera* review if the Court deems it necessary. The Court encourages the parties to agree to protective orders to resolve discovery disputes of this type rather than seek Court intervention; and

4) All documents submitted to the Court for an *in camera* inspection must be Bates stamped so the record clearly identifies what documents the court has reviewed, and subsequent rulings can reference the documents with specificity.

In addition to the above, no later than **January 21, 2014**, Defendant shall advise the Court of his position regarding the status of the resolution of the following discovery requests: (6) (11) (13) (14) (15) (42) (a) (m) (p) (u) and (v) that were addressed in this Court's discovery order dated August 27, 2013. (Doc. 106).

The Court will advise the parties on whether a hearing is necessary regarding any remaining discovery requests after reviewing the above submissions.

IT IS SO ORDERED.

Dated: **January 10, 2014**         **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE