THE HONORABLE JOHN C. COUGHENOUR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. CR12-0072-JCC-GSA |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| SAMUEL STONE, | **DEATH PENALTY CASE** |
| Defendant. | |

This matter comes before the Court on Defendant's motion to file certain documents under seal, (Dkt. No. 267), and his motion to continue the trial. (Dkt. No. 266.) The government has filed a statement of non-opposition as to the motion to continue the trial. (Dkt. No. 269.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motions for the reasons explained herein.

## I.    BACKGROUND

This death penalty case arises out of the alleged murder of Michael Anita by Defendant Samuel Stone in July 2003. On February 22, 2013, the Court entered a scheduling order after a hearing, setting the trial to begin on September 15, 2014. (Dkt. No. 56 at 5.) This case involves complex, extensive, and still-ongoing discovery disputes. (*See* Dkt. No. 268.) The Court will not delve into the filings in detail, but suffice to say there have been a large number of filings, many of which are hundreds of pages long.

## II. DISCUSSION

### A. Defendant's Request to File Documents Under Seal

The Court has reviewed the documents that Defendant requests be filed under seal, and, finding good cause, hereby GRANTS Defendant's request. The Clerk is DIRECTED to file the relevant documents under seal.

### B. Defendant's request for a continuance

To determine whether to grant a continuance at the request of a criminal defendant, the Court should first ask "whether [the defendant] was diligent in preparing his defense or whether his request for a continuance appears to be a delaying tactic." *United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010). Second, the Court "inquire[s] into the usefulness of the continuance, asking how likely it [is] that the purpose of the continuance [will be] achieved [if it is] granted." *Id.* Third, the Court looks to "'the extent to which granting the continuance [will] inconvenience the court and the opposing party.'" *Id.* Finally, the Court determines whether the defendant will be prejudiced by the denial of the continuance. *Id.*

First, taking all the arguments made by Defendant in both the unsealed and sealed filings into account, the Court finds that Defendant has been diligent in preparing his defense. The Court notes that, for the past several months, there have been approximately as many docket entries as there have been days, and a number of the motions filed have involved voluminous exhibits and attachments. Defendant's motion to dismiss, for example, is over seventy pages long and has almost seventy exhibits. (*See* Dkt. Nos. 238, 256 & 257.) Moreover, Defendant has spent significant additional time investigating the case and reviewing documents. This factor weighs in favor of granting a continuance.

Second, the Court finds that the continuance will allow Defendant to finish the discovery process and prepare for trial. Trial is currently scheduled to begin in approximately five months. An additional year to prepare would allow Defendant to further develop and investigate his case. This factor weighs in favor of granting the continuance.

1   Third, the government does not oppose granting the continuance, and so presumably will
2 not be prejudiced if the motion is granted. (*See* Dkt. No. 269.) The Court has already arranged its
3 calendar on the presumption that this trial will begin in mid-September, and changing the trial
4 date will force it to reschedule a number of hearings and trials next year, as well. However, any
5 inconvenience arising out of a continuance will be equaled or exceeded by the inconvenience of
6 attempting to force this case to trial in the remaining five months, given the current case status.
7 This factor weighs in favor of granting the continuance.
8   Fourth, it appears to the Court that that Defendant will be prejudiced if the Court does not
9 grant the continuance, based on the affidavit submitted by Defendant, as well as the sealed
10 document explaining the current status of the case. It does not appear that defense Counsel will
11 be prepared for trial by September 15, 2014. This factor weighs in favor of granting a
12 continuance.
13   Accordingly, the Court finds:
14   (a) taking into account the exercise of due diligence, a failure to grant a continuance in
15 this case would deny defense counsel the reasonable time necessary for effective preparation,
16 due to counsel's need for more time to review the evidence, consider possible defenses, gather
17 evidence material to the defense, and prepare the case, as set forth in 18 U.S.C.
18 § 3161(h)(7)(B)(iv); and
19   (b) the additional time requested is a reasonable period of delay, as defense counsel has
20 requested more time to prepare for trial, to investigate the matter, to gather evidence material to
21 the defense, to consider possible defenses, and to work on the other death penalty trial; and
22   (c) the ends of justice will best be served by a continuance, and the ends of justice
23 outweigh the best interests of the public and the defendant in any speedier trial, as set forth in 18
24 U.S.C. § 3161(h)(7)(A); and
25   (d) the additional time requested between the current trial date of September 15, 2014,
26 and the new trial date is necessary to provide defense counsel the reasonable time necessary to

prepare for trial, considering counsel's schedule and all of the facts set forth above.

(e)  the period of delay from the date of September 15, 2014 to the new trial date of October 5, 2015, is excludable time pursuant to 18 U.S.C. 3161(h)(7)(A) and (h)(7)(B)(iv).

**III.  CONCLUSION**

IT IS THEREFORE ORDERED that the trial date in this matter shall be continued to October 5, 2015. The parties should discuss a schedule regarding juror questionnaires and motions in limine, as well as any other necessary deadlines for pre-trial filings, in advance of the currently scheduled June 2, 2014 hearing date, or alternatively submit a joint proposed schedule to the Court by that date.

DATED this 14th day of April 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE