THE HONORABLE JOHN C. COUGHENOUR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMUEL STONE,<br><br>    Defendant. | CASE NO. CR12-0072-JCC<br><br>ORDER<br><br>**DEATH PENALTY CASE** |

This matter comes before the Court on Defendant's motion to preclude certain of the government's expert witnesses. (Dkt. No. 235). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I.   BACKGROUND

This is a death penalty case. Defendant Samuel Stone is accused of killing Mr. Michael Anita while incarcerated at USP Atwater. The current motion is one of the many long-running discovery disputes between the parties. The Court's original scheduling order specified that the government's non-mental health expert disclosures were due June 3, 2013. (Dkt. No. 56 at 3.) The government's disclosure of any report or results of scientific tests, physical examination, and mental examination were also due June 3, 2013. (Dkt. No. 56 at 2.) Defendant also made requests for mental health disclosures in 2012. However, the government apparently did not turn

1   over all required documents by June 3, 2013. Instead, on December 20, 2013, the government
2   filed a very late motion for an extension of time to disclose the expert testimony. (Dkt. No. 167.)
3   Beyond its untimeliness, the motion was faulty in that it did not specifically set forth the basis for
4   the extension, as required by the local rules. Because Defendant stated that they would not be
5   prejudiced, the Court granted the request for an extension of time, but warned the government
6   that future motions for such an extension must comply with E.D. Cal. Local. Cr. R. 430.1. (Dkt.
7   No. 185 at 1–2.) On this basis, it seems clear that the government did not fully comply with the
8   Court's original scheduling order, even if it did disclose some—though not all—of the relevant
9   documents by the deadline.

10   Defendant filed this motion on March 3, 2014, seeking to exclude the opinions of the
11   medical examiner, the crime scene expert, the latent fingerprint examiner, and the handwriting
12   evidence. (Dkt. No. 235.) The government responded, (Dkt. No. 246), and Defendant replied.
13   (Dkt. No. 259.) On April 14, 2014, after a motion by Defendant, the Court continued the trial
14   from September 15, 2014 to October 5, 2015. (Dkt. No. 273.)

15   If, indeed, Defendant has been prejudiced by the late disclosures, it may be appropriate to
16   exclude the evidence under some circumstances, depending on the degree of prejudice to
17   Defendant and the government's culpability. However, the Court is unwilling to determine the
18   appropriate scope of expert testimony this far in advance of trial. Second, since the time
19   Defendant filed this motion, the Court has continued the trial. Defendant, therefore, will have
20   additional time to prepare for trial, any prejudice he has or will suffer has been greatly reduced.

21   Thus, the Court does not find that the appropriate remedy at this time would be to
22   exclude the government's expert testimony for failure to comply with the Court's orders. To the
23   extent the government has not already fully complied and turned over the relevant materials, it is
24   ordered to do so by June 20, 2014.

25   **II.   CONCLUSION**
26   For the foregoing reasons, Defendant's motion to exclude the government's expert

ORDER
PAGE - 2

1 testimony, (Dkt. No. 235), is DENIED.

2     DATED this 29th day of May 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE